(No. 36761.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOE WATSON, Plaintiff in Error.

*Opinion filed November 30, 1962.*

MILLER & FISHER, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and RUDOLPH L. JANEGA and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

This cause comes before us on writ of error to the criminal court of Cook County where defendant, Joe Watson, was found guilty, following a bench trial, of the unlawful possession of narcotic drugs and sentenced to imprisonment in the penitentiary for not less than 5 nor more than 10 years.

The alleged error consists of the admission of evidence which was the product of a search and seizure claimed to be illegal. The uncontroverted facts establish that defendant rented apartment No. 604 located in the building at 2310 South State Street in Chicago; that on May 31, 1958, an informer named Thurman came to police headquarters and told officer John Urso that "he could buy narcotics from a man he knew as Joe." A search warrant was then obtained from a municipal court judge after which the officers gave Thurman money, the serial numbers of which had been recorded, with which to purchase narcotics, and accompanied him, with the search warrant, to 23rd and State streets

where Thurman went to apartment 604 in the building at 2310 S. State while the officers remained in the hallway outside the apartment. Following a wait of about 10 minutes, Thurman came out of the apartment, handed the officers a tinfoil package containing a white powder which "appeared to be heroin" and said "I have copped." The officers entered the apartment and asked who Joe was and defendant said he was Joe. The disputed facts include the statements of an officer who testified that Joe was then searched and 8 tinfoil packages were taken from his left-hand front trousers pocket; that upon being asked where he got them, Joe refused to answer other than to say they were for his own use. The money previously given Thurman was found, according to the officers, on a chair in the apartment beside which defendant was standing. There were at least 5 women and another man in the apartment with defendant.

Joe Watson testified that he did not give Thurman any narcotics at any time, that the officers did not find either the narcotics or the money on his person, but that they picked both up from a chair some five feet or more from defendant, and that he had not stated the heroin was for his own use. It was stipulated that the 8 packages contained heroin.

Counsel for defendant moved to suppress the heroin seized in the search because of the fact that the warrant issued by the municipal court authorized the search of "apartment number 604 of the building known as 2300 S. State St." in Chicago, "occupied by Joe last name unknown," and the seizure of narcotics and money connected therewith; admittedly, there was no "2300 S. State St.", the building searched being 2310 S. State St. which was the first building south of the intersection of 23rd Street and State Street on the west side of the street.

The motion to suppress was denied, and, we believe, properly so. Constitutional requirements relating to searches are satisfied in these cases if the warrant describes the premises to be searched with reasonable certainty, and a technical de-

scription is unnecessary. *People* v. *Holton,* 326 Ill. 481. A warrant is sufficiently descriptive if it enables the officer, with reasonable effort, to identify the place. The *People* v. *Lavendowski,* 329 Ill. 223, 230; 74 A.L.R. 1498. If the property is sufficiently recognizable from the description to enable the officer to locate the premises with definiteness and certainty, it is adequate. The description may be one used in the locality and known to the people; and by inquiry the officer may be as clearly guided to the place intended as if the legal record description were used. 47 Am. Jur. 522. The constitutional safeguard is designed to require a description which particularly points to a definitely ascertainable place so as to exclude all others. Application of these common sense rules to the case at bar clearly demonstrates the adequacy of the warrant which referred to "2300 S. State St.". This would normally refer to the first building on the west side of State Street in the 2300 block. 2310 S. State was the first building. It was located on the corner, and was identified by Thurman who, according to officer Urso, told the officer that "the building was the building at 23rd and State Street, that it was the only building at 23rd and State Street in that particular location on the southwest corner." The building contained an "apartment No. 604" as described in the warrant. The fact that the building extended southward from the corner, and that the entrance was some distance south of the corner and therefore numbered "2310" is of no consequence in view of the other identifying factors which removed any doubt or ambiguity from the description. The arrest and subsequent search were lawful, and the evidence thus seized was admissible against defendant.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*