People of the State of Illinois, Plaintiff-Appellant, v. Carrie Moore, Clara Thomas, Defendants-Appellees.

Gen. Nos. 54,134, 54,135.

First District, Third Division.

May 7, 1970.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for appellant.

Allan A. Ackerman, of Chicago, for appellees.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

On October 3, 1968, the defendants Carrie Moore and Clara Thomas were jointly indicted for gambling in violation of the statute (Ill Rev Stats, c 38, § 28–1(a)(8) (1967)). On their motions the trial court quashed a search warrant and suppressed the evidence thereby seized. This is an appeal by the State pursuant to Supreme Court Rule 604(a)(1) and the only question presented is whether or not the warrant described the place to be searched with sufficient particularity.

Chicago police officers assigned to the Gambling Unit obtained a search warrant on October 3, 1968, which described the premises to be searched as the "2nd floor apartment at 30 East 69th Street, Chicago, Illinois." Defendant Clara Thomas, who was arrested by the police officers executing the search warrant, testified that the search was conducted in a first-floor rather than a second-floor apartment. She stated that at the entrance to the building there is a door which opens to approximately eight stairs. At the top of the stairs is a landing and two first-floor apartments. She was arrested in the apartment situated to the west of the stairs.

Detective William Mitchell testified that he executed the search warrant in a second-floor apartment bearing the address stated in the warrant, 30 East 69th Street. He stated that at ground level there is a step, a doorway and two bells. Behind the door there is a staircase of fifteen to eighteen stairs leading to two apartments, designated by him as second-floor apartments. He further testified that the apartment located to the west of the stairway had the number 30 on its door, signifying its address, whereas the apartment to the east of the stairs was numbered 32. On October 2, 1968, he observed

205

a police informer climb the stairs and disappear from sight as he turned to the west, that is to say, toward the apartment numbered 30. Mitchell testified that he could only have disappeared into the apartment located on that side of the building.

■ Both our Federal and State Constitutions require that a search warrant particularly describe the place to be searched. A description in a warrant is regarded as legally sufficient if the police officers executing the warrant can, with a reasonable effort, identify the place intended. Steele v. United States, 267 US 498 (1925); People v. Watson, 26 Ill2d 203, 186 NE2d 326; People v. Mayfield, 69 Ill App2d 388, 217 NE2d 100.

■ In the Watson case our own Supreme Court held that a description is adequate if the place to be searched is sufficiently recognizable from the description in the warrant to enable the officer to locate the premises with definiteness and certainty. The warrant in that case authorized the search of apartment number 604 of the building located at 2300 South State Street, Chicago. There was no such address and the police officers executed the warrant by searching apartment 604 in the building at 2310 South State Street. In upholding the warrant the court relied on what it termed "other identifying factors which removed any doubt or ambiguity from the description." The factors enumerated by the court were that the address contained in the warrant would refer the officers to the first building on the west side of State Street, that 2310 was the first building and that this corner building was identified by an informer as the only building on the southwest corner of the intersection of 23rd and State Streets. Further, that building contained an apartment numbered 604. The court held that these surrounding facts rendered the inaccuracy in the warrant description of no consequence.

■ ■ In the instant case the number 30 was on the door of the apartment searched. There is no evidence

whatsoever of any other apartment so numbered. On the contrary, the testimony of officer Mitchell that there were only two doorbells at ground level is evidence that the only two apartments in the building were numbers 30 and 32. The burden of proving that a search is unlawful is on the defendants. (Ill Rev Stats, c 38, § 114–12(b) (1969).) To that end one witness was presented whose testimony, it is argued, establishes that the actual search was conducted in a first-floor apartment. The fact that the apartment searched was separated from the ground level by a flight of stairs explains its characterization in the warrant as a second-floor apartment. We need not decide whether that characterization is a technically correct one, since the warrant sufficiently identified the premises to the exclusion of all others and that is all the law requires. People v. Watson, 26 Ill2d 203, 186 NE2d 326; People v. Holton, 326 Ill 481, 158 NE 134; People v. Mayfield, 69 Ill App2d 388, 217 NE2d 100. We find that the description, "30 East 69th Street" described the premises to be searched with sufficient precision to enable the police officers to identify the place intended.

The order of the trial court quashing the search warrant and suppressing the evidence seized is reversed and the cause is remanded with directions to deny the motions to quash the search warrant and suppress the evidence and for such other and further proceedings as are consistent with the views herein expressed.

Orders reversed and cause remanded with directions.

DEMPSEY, P. J. and McNAMARA, J., concur.