THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ANTHONY MECCA, Defendant-Appellee.

(No. 54265;

First District—April 30, 1971.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel,) for the People.

Frank G. Whalen, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

An order was entered below quashing a search warrant and suppressing evidence obtained through the use of that warrant. The State, in urging this court to reverse that order and remand the cause for trial, contends the search warrant used was sufficiently descriptive to enable the premises to be ascertained with reasonable certainty. Defendant contends that the warrant was not sufficiently descriptive and that probable cause did not exist for the issuance of the search warrant.

Officer Tobin made an affidavit for a search warrant wherein he stated facts which caused him to believe gambling paraphernalia could be found in the basement of a rear house at 3322 South Western Boulevard. He stated that a reliable informant gave him a telephone number used by the informant to place bets on horse races. Tobin knew of informant's reliability because information previously received from the informant led to arrests and convictions. A check with the telephone company revealed the number was assigned to Ann Kritzen in the basement of a rear house at 3322 South Western Boulevard. Tobin, after dialing the number and giving the receiver to the informant, heard only the informant's side of the conversation in which the informant identified himself, placed a wager on a horse race and said "That it". The informant told Tobin an unknown person answered after one ring and accepted the bet. The affidavit also stated the house had imitation brick siding.

A search warrant was issued commanding Tobin to search the basement of a rear house at 3322 South Western Boulevard. Tobin then went directly to, and entered the premises at 3322 South Western Avenue, arrested defendant, and seized the property which is the subject of defendant's motion to suppress.

Western Boulevard and Western Avenue are separate and distinct streets, both running north and south. At 3300 to 3400 south these streets run side by side separated by a parkway, Western Boulevard being to the east of Western Avenue. Buildings line the east side of Western Boulevard, but none on the west side. Buildings line the west side of Western Avenue but none on the east side. The west side of Western Avenue is the side where even numbered addresses are found. The area between the west side of Western Boulevard and the east side of Western Avenue is occupied by a parkway upon which there are no buildings.

The State relies heavily upon *People v. Watson* (1962), 26 Ill. 203 and *People v. Holton* (1927), 326 Ill. 481. Those cases and the others cited by the State compel a reversal in this particular case.

In *Holton* a search warrant was issued for premises at 1055 Miller Street. There was no number on the house searched but it was the only house on the 1100 block of Miller Street. In allowing the evidence recovered in a search of the premises to be admitted, the court indicated that by following the instructions contained in the warrant the officer would not have been misled as to which house was to be searched. The constitutional requirement is satisfied where the place to be searched is described in a sufficiently definite manner to enable the premises to be located with certainty.

The *Watson* case also involves an incorrect address on a search warrant. The warrant authorized the search of apartment number 604 at 2300 South State Street. The search was carried out at 2310 South State Street. The court there affirmed the denial of the motion to suppress because there were identifying factors, other than the address, which removed any doubt or ambiguity from the description. The address listed in the search warrant as 2300 South State Street would normally refer to the first building on the west side of State Street in the 2300 block. 2310 South State Street was the first building. The building searched contained an apartment number 604 as described in the warrant. Also, as indicated by the informant, the building searched was the only building on the southwest corner at 23rd and State Streets.

The above cases show that even where a reading of the address listed on a search warrant taken by itself does not actually pinpoint the premises to be searched other identifying factors may be considered to enable the officer to locate the premises with definiteness and certainty.

While the address listed on the search warrant in the present case does not completely and with exact specificity describe the premises to be searched other identifying factors are found which sufficiently describe the premises. These factors remove any doubt or ambiguity from the description. The house searched at 3322 South Western Avenue

was the rear house on a lot as described in the warrant. The house was sided with brown insulsiding. The affidavit indicated the house to have imitation brick siding. The number of the house searched was exactly the same as the number on the warrant. The only difference in the description was the use of the term "Boulevard" instead of "Avenue." There is no house at 3322 South Western Boulevard. The two thoroughfares ran side by side separated only by a parkway fifty-three feet wide. Surely no doubt could have crept into Officer Tobin's mind as he approached the rear house at 3322 South Western Avenue to execute the warrant.

■■ Mindful of the duty imposed upon the court by Ill. Rev. Stat. 1967, ch. 38, par. 108—14, not to suppress evidence for technical irregularities in the warrant, we believe the trial court erred in ordering the search warrant quashed and the evidence obtained in the execution thereof suppressed.

The defendant makes the contention that the affidavit failed to establish probable cause for the issuance of a search warrant. This position cannot be maintained in light of the recent ruling by the Supreme Court in *People v. Mitchell* (1970), 45 Ill.2d 148. There a search warrant was issued based upon an affidavit identical in all essential respects to the affidavit in the present case. The court held the affidavit stated probable cause for the issuance of the warrant.

■■ Accordingly we hold that the affidavit stated probable cause for the issuance of a search warrant and the warrant described the premises to be searched in a sufficiently definite manner to enable the premises to be located with certainty.

The order is reversed.

Order reversed.

ENGLISH, P. J., and DRUCKER, J., concur.