THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* MARGARET LAWS, Defendant-Appellee.

(No. 55558;

First District—September 7, 1972.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James S. Veldman, Assistant State's Attorneys, of counsel,) for the People.

No appearance for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

This appeal is by the People from an order sustaining the defendant's motion to quash a search warrant and to suppress evidence. (Ill. Rev. Stat. 1969, ch. 110A, par. 604.) The defendant has not filed a brief in this court.

The warrant authorized the search of the person of Margaret Laws and Room 146 of the Roberts Motel, 424 W. 79th Street, Chicago. The testimony at the hearing on the motion to suppress revealed that the warrant was served upon Margaret Laws in Room 146 of the Roberts Motel but that the address of the motel was 425, not 424, W. 79th Street. The warrant was quashed because of this discrepancy.

In serving the warrant the police officers went to West 79th Street, saw signs on a large building proclaiming it to be the Roberts Motel, entered the building, located room 146 and found Margaret Laws in the room. There was no other motel named Roberts on 79th Street and the officers testified that they drove into the driveway without noticing the street address.

■■ A search warrant pointing out a definitely ascertainable place in terms of reasonable certainty is sufficient (*People v. Lavendowski* (1928), 329 Ill. 223, 160 N.E. 582), and a warrant should not be quashed for technical irregularities not affecting the substantial rights of the accused. (Ill. Rev. Stat. 1969, ch. 38, par. 108—14.) The case of *People v. Watson* (1962), 26 Ill.2d 203, 186 N.E.2d 326, exemplifies these precepts. A warrant authorized the search of apartment 604 occupied by a man named "Joe" in a building known as 2300 S. State Street, Chicago. The place searched was apartment 604 occupied by the defendant Joe Watson at 2310 S. State Street. In affirming the denial of a motion to quash, the reviewing court stated that the street address in the warrant was of no consequence in view of other identifying factors which removed any doubt from the description of the place to be searched. The court stated:

828

"Constitutional requirements relating to searches are satisfied * * * if the warrant describes the premises to be searched with reasonable certainty, and a technical description is unnecessary. * * * A warrant is sufficiently descriptive if it enables the officer, with reasonable effort, to identify the place. * * * If the property is sufficiently recognizable from the description to enable the officer to locate the premises with definiteness and certainty, it is adequate."

See also, *People v. Holton* (1927), 326 Ill. 481, 158 N.E. 134; *People v. Mecca* (1971), 132 Ill.App.2d 612, 270 N.E.2d 456.

██ Under the facts of this case the description in the search warrant was sufficiently definite to enable the officers to ascertain the correct premises with reasonable accuracy. The court erred in quashing the warrant, and the defendant's failure to contest the State's appeal is, understandably, tantamount to a confession of error. The order is reversed and the cause remanded.

Reversed and remanded.

McGLOON, P. J., and McNAMARA, J., concur.