509 P.2d 1051

**STATE of Arizona, Appellant,**

v.

**Theodore E. DRAGOS, Appellee.**

**No. I CA–CR 520.**

Court of Appeals of Arizona,
Division 1,
Department B.
May 15, 1973.

**15**

G. Eugene Neil, Yavapai County Atty., and James B. Musgrove (Former Yavapai County Atty.) by Thomas R. McCowan, Deputy County Atty., Prescott, for appellant.

H. K. Wilhelmsen, Prescott, for appellee.

HAIRE, Judge.

Pursuant to the provisions of A.R.S. § 13–1712, subsec. 7, the state has filed this appeal from the trial court's order granting the defendant's motion to suppress the use of certain evidence obtained in the execution of a search warrant.

Although defendant-appellee urges several bases in support of the trial court's granting of the motion to suppress, we deem it necessary to consider only the contention that the warrant was fatally defective because of its failure to describe in any way the property to be seized.

A.R.S. § 13–1443 provides as follows:

"No search warrant shall be issued except on probable cause, supported by affidavit, naming or describing the person, and *particularly describing the property to be seized* and the place to be searched." (Emphasis added).

Likewise, A.R.S. § 13–1445 provides that upon a finding of probable cause, a search warrant shall be issued "for the items described", which:

" . . . shall be in substantially the following form:

'County of _____, state of Arizona.

To any peace officer in the state of Arizona:

Proof by affidavit having been this day made before me by (naming every person whose affidavit has been taken) there is probable cause for believing that (stating the grounds of the application) according to § 13–1442, you are therefore commanded in the daytime (or in the night, as the case may be, according to § 13–1447), to make a search of (naming persons, buildings, premises or vehicles, describing each with reasonable particularity) *for the following property or things: (describing such with reasonable particularity)*, and if you find such or any part thereof, to retain such in your custody subject to § 13–1450.

Given under my hand or direction and dated this ___ day of _____, 19___ (judge, justice of the peace, or magistrate.)' " (Emphasis added.)

Although the Arizona constitution does not appear to have any provisions expressly detailing search warrant requirements, the Fourth Amendment to the United States Constitution provides that:

" . . . no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and *particularly describing* the place to be searched, and *the* persons or *things to be seized."* (Emphasis added).

As previously stated, the search warrant in question entirely omitted any reference to, or description of, the property to be seized. The state points out that the affidavit, which was a part of the evidentiary basis upon which the issuance of the search warrant was based, sufficiently described the items to be seized, and that in fact, only items fitting that description were seized. However, the affidavit was not made a part of the search warrant, nor was it served with it. Therefore it cannot be argued that it cured the failure of the warrant to comply with the above-quoted express statutory and constitutional provisions by limiting the scope of the otherwise all-inclusive general warrant.

The search warrant defect here is not the same as that considered by the Arizona Su-

preme Court in State ex rel. Flournoy v. Wren, 108 Ariz. 356, 498 P.2d 444 (1972). In that case the alleged defect was only "a minor error in description", and the Arizona Supreme Court held that such minor error did not invalidate the warrant. Here there was a complete lack of description of any kind, with no indication of the nature of the property to be seized.

In view of the very express statutory and constitutional requirements involved, we hold that the search warrant was fatally defective and that the trial judge correctly granted the motion to suppress. People v. Drumright, 172 Colo. 577, 475 P.2d 329 (1970).

Affirmed.

JACOBSON, C. J., Division 1, and EUBANK, P. J., concur.