526 P.2d 744

**The STATE of Arizona, Appellant,**

v.

**Delma ROBERTSON, Appellee.**

**No. 2 CA–CR 405.**

Court of Appeals of Arizona,
Division 2.

Sept. 24, 1974.

Rehearing Denied Oct. 22, 1974.

Review Granted Nov. 26, 1974.

N. Warner Lee, Atty. Gen., Edward L. Dawson, Gila County Atty., Globe, for appellant.

Donald C. Premeau, Globe, for appellee.

## OPINION

HATHAWAY, Chief Judge.

This is an appeal from a superior court order granting a motion to suppress. The state contends that the court erred in ruling that a search warrant issued by a justice of the peace was invalid because the affidavit in support thereof was insufficient and unrecorded testimony given at the time of its issuance could not be presumed to provide the needed probable cause.

On March 24, 1974, police officers responded to a report that two men were engaged in a shooting incident on Snedden Street in Little Acres between Globe and Miami. Officers from the Globe and Miami police departments, as well as the Gila County Sheriff's Office and the Arizona Department of Public Safety arrived on the scene. Investigation was conducted by the Sheriff's Office as the agency with primary responsibility for the area.

Investigation revealed that Dennis Willard and Carl Bray, reputed traffickers in marijuana and drugs, had been arguing over contraband. The hostility developed into an assault upon Bray by Willard using a .25-caliber automatic handgun. Vehicles of the two were present at the scene, and a green, leafy substance was in open view in and around both vehicles.

Inquiries by the officers during their investigation led them to believe that the handgun used in the assault was in a nearby mobile home in which the assailant was temporarily residing. The mobile home was owned by Bray's mother, the present defendant, who was charged with obstruction of justice. The officers' requests to gain entry into the mobile home were refused and they obtained the search warrant which is the subject matter of this appeal. The pertinent portion of the affidavit given in support of the issuance of this search warrant provides:

"That the following facts establish the existence of grounds for the issuance of a search warrant for the search of the persons, premises and the buildings, as well as motor vehicles or trailers described in paragraph two (II) herein, and further establish probable cause for believing that said grounds exist. Your affiant has been a Peace Officer for the past 7 years and is now employed in such capacity by the Gila County Sher-

iff's Office, and has acted and received the information set forth in this affidavit in that capacity. Your affiant is now and has been for the past 7 years assigned to the General Investigations Detail thereof. Between the date of 3-23-74 and 3-24-74, your affiant (affiant's fellow officer,) to-wit: DONALD R. LANE-DAVID W. HILL received the following information to warrant the issuance of a search warrant: During the investigation of an Assault with a Deadly Weapon, the instrumentality, to-wit: one .25 caliber automatic pistol, had been hidden in the aforementioned residence, and during the investigation, a green leafy substance believed to be marijuana was observed in the vehicle owned by Dennis Willard. The vehicle is described as a Tan, late-model Dodge Van. Five witnesses stated the weapon had been hidden in the aforementioned residence. Further, that affiant has and there is probable and reasonable cause to believe, and that he does believe and is reasonably positive that the aforementioned property is located at the place heretofore set out in this affidavit."

We conclude that the trial court was correct in finding that the affidavit was insufficient on its face for the issuance of the search warrant. The principal information upon which the affidavit is based is that five witnesses stated that the weapon had been hidden in the aforementioned residence. Counsel for the appellant would expand this statement as follows:

"All witnesses to the crime stated the weapon had been hidden at the place to be searched.

What more probable cause could be required than to have all witnesses including the party and victim of the crime tell officers where instrumentality of crimes was secluded?"

Counsel for appellant's argument goes beyond the record. The two aspects of reliability of the information and the provision of underlying circumstances as to how the informant came by his information to demonstrate its probability or credibility are lacking. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). This information, perhaps, may have been sufficient in the affidavit had it established that the witnesses relied upon were eyewitnesses. As we have previously held, an eyewitness to an act meets both aspects of *Aguilar*:

"Also, the affidavit recites the fact that the informant 'saw' the narcotics in the defendant's possession. In State v. Ramos, 11 Ariz.App. 196, 463 P.2d 91 (1969), we held that when an affidavit indicates that the informant was an eyewitness to the actual crime, the two-pronged test for evaluating the existence of probable cause is met. See also McCreary v. Sigler, 406 F.2d 1264 (8th Cir. 1969). In other words, reliability of the informant is thereby demonstrated plus the 'underlying circumstances' requisite for evaluation of the informant's 'tip.' We therefore reject the defendant's challenge to the sufficiency of the affidavit." State v. White, 13 Ariz.App. 265 at 266–267, 475 P.2d 750 at 751–752.

Another infirmity in the information used for the issuance of the search warrant was brought out at the hearing on the motion to suppress in the following interrogation:

"Q. Did you use reliable informants to get this information?

A. I don't have any reliable informants, sir.

Q. Inglesby a reliable informant?

A. No, sir.

Q. Carl Bray?

A. No, sir.

Q. Mrs. Bray?

A. No, sir.

Q. Mrs. Inglesby?

A. No, sir."

Since it was demonstrated at the suppression hearing that unrecorded testimony was presented to the issuing magis-

trate prior to issuance of the search warrant, appellant contends that such evidence may support a finding of probable cause, if the affidavit was otherwise insufficient. Appellee agrees that this was the law in 1970, as was pointed out in State v. Snyder, 12 Ariz.App. 142 at 144, 468 P.2d 593 at 595 (1970):

"It is the contention of the appellants that the sworn testimony given to the justice of the peace cannot be the basis for a search warrant unless it is reduced to writing. The law in the State of Arizona is to the contrary."

Appellee argues that the position enunciated in *Snyder* was contrary to the legislative intent of A.R.S. § 13-1444 and as expressed in State v. McMann, 3 Ariz.App. 111, 412 P.2d 286 (1966):

"The manifest intent is that the testimony be taken under oath and reduced to writing, and that the written statement be signed by the party making it." 3 Ariz.App. at 114, 412 P.2d at 289.

In any event, contends the appellee, the legislative intent has been clarified to coincide with the expression in *McMann* by amendment of A.R.S. § 13-1444, effective August 13, 1971, requiring a permanent record of oral testimony given in support of a search warrant. Thus, unrecorded testimony should not be considered in determining probable cause to issue a search warrant. As amended, the statute provides:

"A. The magistrate may, before issuing the warrant, examine on oath the person or persons, seeking the warrant, and any witnesses produced, and must take his affidavit, or their affidavits, in writing, and cause the same to be subscribed by the party or parties making the affidavit. The magistrate may also, before issuing the warrant, examine any other sworn affidavit submitted to him which sets forth facts tending to establish probable cause for the issuance of the warrant.

B. *The affidavit or affidavits must set forth the facts tending to establish the grounds of the application, or probable cause for believing they exist.*

C. In lieu of, or in addition to, a written affidavit, or affidavits, as provided in subsection A, the magistrate may take *an oral statement* under oath which *shall be recorded on tape, wire, or other comparable method.* This statement may be given in person to the magistrate, or by telephone, radio, or other means of electronic communication. This statement shall be deemed to be an affidavit for the purposes of issuance of a search warrant. In such cases if a recording of the sworn statement has been made, the magistrate shall direct that the statement be transcribed and certified by the magistrate and filed with the court. As amended Laws 1970, Ch. 59, § 2; Laws 1971, Ch. 152, § 3." (Emphasis supplied).

The Arizona Legislature followed the lead of California in amending the above provision. The California Penal Code originally read the same as A.R.S. § 13-1444 before the 1971 amendment. The California Supreme Court in Theodor v. Sup. Ct. of Orange County, 8 Cal.3d 77, 104 Cal.Rptr. 226, 501 P.2d 234 (1972), explained the amendment as follows:

" 'The 1957 amendment replaced the word deposition with the word affidavit to make clear that a sworn statement of facts contained in an affidavit (*not a question and answer type of proceeding*) was required. This amendment indicates that the Legislature placed importance on the requirement that a written signed document containing facts tending to establish probable cause be available before the magistrate could issue the warrant.

The 1957 amendment also placed *within the discretion of the magistrate* the question of whether also to examine, under oath, the person seeking the warrant. Prior to this amendment, the magistrate was *required* to examine the person under oath. The problem here presented is not one of "technicalities without substance" but one of clear legislative command.'" 104 Cal.Rptr. at 232, 501 P.2d at 240–241. (Emphasis supplied)

The court further stated:

"In the case at bar, the magistrate exercised his discretion to examine the undisclosed informant orally, [in our case the affiant]. This examination did not produce an oral statement properly recorded and transcribed within the meaning of section 1526, subdivision (b), [the same as our 13–1444(c)]. Hence the fruits of the examination cannot be considered an affidavit." 104 Cal.Rptr. at 232–233, 501 P.2d at 241. (See footnotes 2 and 3 in *Theodor,* supra 104 Cal.Rptr. at 232, 501 P.2d at 240).

We hold that the superior court properly found that the affidavit in support of the search warrant was insufficient on its face and properly concluded that unrecorded oral testimony could not be considered to remedy the deficiency. It would appear that the 1971 amendment sought to avoid the hazards described in Judge Ely's dissenting opinion, Boyer v. State of Arizona, 455 F.2d 804 at 807 (9th Cir. 1972):

"Memories are blurred by the passage of time and by the wisdom gained through hindsight. Critical facts may be forgotten, and the possible initial uncertainty of the affiant may vanish when the search proves to be fruitful. Inadvertent additions to the remembered conversation are not unlikely."

Affirmed.

KRUCKER and HOWARD, JJ., concur.