531 P.2d 1134
**The STATE of Arizona, Appellant,**
**v.**
**Delma ROBERTSON, Appellee.**
**No. 3079–PR.**

Supreme Court of Arizona,
En Banc.
Feb. 24, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, The Atty. Gen., Phoenix, Edward L. Dawson, Gila County Atty., Globe, for appellant.

Donald C. Premeau, Globe, for appellee.

HAYS, Justice.

The defendant was charged under A.R.S. § 13–541 with obstructing a public officer in the discharge of his duties.

On March 24, 1974, police officers responded to a reported shooting in the town of Little Acres, between Globe and Miami. During the investigation of that incident, the officers concluded that a revolver used in the alleged assault would be found in defendant's home. Upon her refusal to admit them without a warrant, two sheriff's deputies obtained a search warrant from a Miami justice of the peace. At the time of the issuance of the warrant, the defendant had not been charged with any crime. The above-mentioned charges arose from her later resistance to the execution of the warrant and obstruction of the police in their duties.

Defendant's subsequent motion to suppress was granted by the trial judge on the grounds that the affidavit in support of the search warrant was insufficient on its face to establish probable cause. The court of appeals affirmed in State v. Robertson, 22 Ariz.App. 220, 526 P.2d 744 (1974). We vacate that decision and affirm the order of the trial court.

 The information upon which the affidavit was based was that "[f]ive witnesses stated the weapon had been hidden in the aforementioned residence." Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), requires that the relia-

bility of the information and the underlying circumstances as to how the informant gained his knowledge to demonstrate its probability or credibility be established so that the magistrate may draw his conclusions in a properly detached manner. The affidavit here was deficient in both respects. The one conclusory sentence conveys nothing of the underlying circumstances of the situation from which the magistrate could draw his separate conclusions.

At the hearing on the motion to suppress, it was shown that unrecorded testimony was given before the magistrate in support of the affidavit. Both parties agree that prior to certain legislative enactments, sworn but unrecorded testimony in addition to the information in the affidavit could be the basis for a search warrant. State v. Snyder, 12 Ariz.App. 142, 468 P.2d 593 (1970). Effective August 13, 1971, the legislature made substantial changes in A.R.S. § 13–1444 following California's lead in amending what had been an identical provision. The thrust of what is in issue is contained in subsection C:

> "C. In lieu of, or in addition to, a written affidavit, or affidavits, as provided in subsection A, the magistrate may take an oral statement under oath which *shall be recorded* on tape, wire, or other comparable method." [Emphasis added.]

 It is obvious from the foregoing that the legislature made two basic changes in the procedure for obtaining a search warrant. First, if information in addition to that in a signed affidavit was to be considered by the magistrate, it must be under oath and it must be recorded. Second, the taking of an oral statement may be in lieu of, or in addition to, a written affidavit or affidavits. Here, we have an affidavit, and an attempt by oral testimony to establish additional facts to support probable cause. Because the mandated legislative requirements were not complied with, to wit, the recording of the oral statements, the issuance of the search war-

rant must stand solely on the affidavit. Theodor v. Superior Court, 8 Cal.3d 77, 104 Cal.Rptr. 226, 501 P.2d 234 (1972).

The affidavit standing alone does not support the issuance of the search warrant. This is not a legal technicality but a specific requirement placed there by the legislature. Theodor v. Superior Court, *supra*.

The state contends that the Fourth Amendment to the United States Constitution does not require probable cause to be established in writing. With this contention we agree. However, the Fourth Amendment does not preclude the legislature from imposing stricter standards than previously applied for a determination of probable cause. They have done so here.

The order of the trial court granting defendant's motion to suppress is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HOLO-HAN, JJ., concur.