541 P.2d 1150

STATE of Arizona, Appellee,

v.

William Kirk GILLIN, Appellant.

No. 3218.

Supreme Court of Arizona,
En Banc.

Nov. 3, 1975.

Bruce E. Babbitt, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Allen A. Haggard, Phoenix, for appellant.

HAYS, Justice.

William Kirk Gillin was found guilty of possession of marijuana for sale and possession of a dangerous drug. Prior to trial, he made a motion to suppress the evidence which was denied. He appeals from that ruling and the subsequent judgment and sentence. We took jurisdiction of the case pursuant to Rule 47(e)(5), Rules of the Supreme Court.

The appellant raises five issues in his brief, but only one issue is dispositive: whether the warrantless arrest of Gillin was based upon probable cause. We hold that it was not and that the motion to suppress should have been granted.

Two undercover police officers obtained a search warrant for Apartment C in a Tempe housing complex. They found no contraband in that apartment and, thinking that the warrant might have a typographical error, the officers knocked on the door of Apartment B. The defendant answered the door and one of the officers asked if he could buy some "lids" of marijuana. Gillin said that he did not sell "lids." The officer then asked if he could buy a pound of marijuana. The defendant looked around and then came out of the apartment, closing the door behind him. The officer testified that he detected the odor of burning marijuana from inside the apartment and on the defendant's person.

The trio moved a few feet from the apartment and the officer repeated his request. Another officer came out of Apartment C and the defendant said, "Not while the pigs are here." He asked the officers if they were "narcs" to which they replied that they were not. Gillin then walked over to a concrete wall and peered up and down the alley. When he returned, the officers informed him of their identity and placed Gillin under arrest.

Gillin began to struggle and cry out. Both officers testified that they believed that he was attempting to warn someone inside the apartment. The defendant was gripped in a "chokehold" until he passed out. After Gillin was subdued, he was searched for a key to the apartment. Unable to find a key, the officers kicked in the door and entered the premises. No one else was in the apartment, but one of the officers observed hand-rolled cigarettes and stubs and a green, leafy substance in a glass bowl.

One officer remained on the premises while the other obtained a search warrant. A third officer took the defendant away. The subsequent search resulted in the discovery of marijuana, dangerous drugs and narcotics paraphernalia in the living room and the defendant's bedroom.

A search warrant must describe the places to be searched with particularity. *State ex rel. Flournoy v. Wren,* 108 Ariz. 356, 498 P.2d 444 (1972). This court

has not read search warrants in a hyper-technical manner and has excused minor errors in description. *State ex rel. Flournoy v. Wren, supra.* The error in this case was not, however, minor but went to the substance of the warrant. The police officers were not entitled to presume that a typographical error of this gravity had been made absent probable cause. The search warrant was invalid for Apartment B.

■ An officer may make an arrest of an individual without a warrant if the officer has probable cause to believe that the person to be arrested has committed a felony. ARS § 13–1403. The facts and circumstances within the knowledge of the officer must be sufficient to warrant a man of reasonable caution to draw that conclusion. *State ex rel. Flournoy v. Wren, supra.* If there was no probable cause to make the arrest, nothing which subsequently occurs can make the arrest lawful or justify the search, including the fruits of that search. *State v. Edwards,* 111 Ariz. 357, 529 P.2d 1174 (1974).

■ One of the officers testified that he had "reason to believe" that the residents of Apartment B and not Apartment C had marijuana. He did not elaborate. The burden is on the state to prove probable cause for a warrantless arrest. *State v. Edwards, supra.* The state did not meet its burden. The fortuitous success of the police officers in this instance did not justify their action in kicking in the door of the next apartment without a search warrant. The history of the Fourth Amendment clearly illustrates that its purpose was to secure the right of persons in the undisturbed occupation of their homes. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). The interposition of an impartial magistrate between the police officer and an individual is necessary to objectively weigh the need to invade the privacy of the home in order to enforce the law absent exigent circumstances not present in this case. *Chimel v. California, supra; State v. Hutton,* 110 Ariz. 339, 519 P.2d 38 (1974).

The trial court committed error in denying the motion to suppress the evidence gained from the search of Apartment B. The judgment of guilt is reversed and the case remanded.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.