THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ALAN EDWARDS, Defendant-Appellee.

First District (4th Division) No. 61128

Opinion filed January 28, 1976.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Robert Handlesman, Assistant State's Attorneys, of counsel), for the People.

Morton Zwick, of Chicago (George L. Lincoln, of counsel), for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

The State, pursuant to Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1973, ch. 110A, par. 604(a)(1)), appeals from an order of the Circuit Court of Cook County quashing a search warrant and suppressing evidence seized.

The search warrant originally was issued to search the defendant, Alan Edwards, and the basement and first floor apartment at 10234 South Avenue L, Chicago, Illinois, for heroin and marijuana. The trial court granted defendant's motion to quash the search warrant and

suppress the evidence for the reason that the warrant failed to particularly describe the premises searched. The defendant urges our affirmance of the order of the trial court on the following grounds:

(1) The search warrant failed to describe with particularity the premises to be searched;

(2) The search warrant was void because it did not contain a judge's signature; and

(3) The affidavit underlying the warrant was insufficient to establish probable cause for a search of the area described in the warrant.

The State urges that the defendant-appellee not be allowed to advance the latter two grounds before this court because he failed to raise them at the preliminary hearing.

The warrant authorized a search of the defendant and "a 1st floor apartment and basement of a two flat frame building" located at 10234 South Avenue L, Chicago, Illinois.

Testimony concerning the physical layout of the structure in question was presented during the preliminary hearing. The building has three levels, the first or lowest level being at street level. The first level contains a washer, a dryer, a rumpus room, a storage area, and a furnace. The only outside access into this level is through a rear doorway. Defendant and his parents reside on the second level. It contains a living room, a kitchen, a dining room, and two bedrooms. The third or top level also contains one apartment. The second and third level residents share access to the first level.

■■ The first issue for our consideration is whether the search warrant failed to describe with particularity the premises to be searched. A search warrant is sufficiently descriptive if it enables a police officer executing the warrant, with reasonable effort, to identity the place intended to be searched. It is not necessary that the description in the warrant be technically correct; rather, the warrant must only identify the place to be searched to the exclusion of all others. *People v. Watson* (1962), 26 Ill.2d 203, 186 N.E.2d 326; *People v. Moore* (1970), 124 Ill.App.2d 204, 260 N.E.2d 255.

In the instant case, the warrant authorized a search of "a 1st floor apartment and basement of a two flat frame building" at 10234 South Avenue L in Chicago, Illinois. The actual search was conducted on the lower two levels of a three level structure. The only outside access into the lowest level was through a rear doorway. That level, wherein no permanent tenants resided, contained a furnace, a storage area, a rumpus room, a washer, and a dryer. These facts explain why the lowest level

was characterized in the warrant as a basement. They are also among the "other identifying factors which removed any doubt or ambiguity from the description [in the warrant]." (*People v. Watson* (1962), 26 Ill.2d 203, 206, 186 N.E.2d 326, 327.) In effect, the warrant authorized a search of the first two levels of a building containing three levels. We conclude, therefore, that the warrant sufficiently identified the places to be searched to the exclusion of all others.

■■ Defendant advanced two additional grounds in support of the order of the trial court, neither of which was raised at the preliminary hearing: (1) the search warrant was void because it did not contain a judge's signature; and (2) the affidavit underlying the warrant was insufficient to establish probable cause for a search of the area described in the warrant. The State asserts that these issues are not properly before this court because they were not raised before the trial court. Defendant counters that the other grounds in support of the order are properly before us because the question before a reviewing court is the correctness of the result reached by the trial court and not the correctness of the reasoning upon which such result was reached. (*People v. York* (1963), 29 Ill.2d 68, 193 N.E.2d 773; *People v. Schmidt* (1972), 5 Ill.App.3d 787, 284 N.E.2d 72.) The State's argument, however, does not center on the correctness of the trial court's reasoning in reaching the result. Rather, the State argues that because the defendant failed to present to the trial court the two grounds now presented to this court, these grounds are not properly before us. We agree.

In the instant case, the trial court asked counsel for defendant if he had "had an opportunity to examine it [the search warrant]?" Defense counsel replied in the affirmative. In addition, the defense called the owner of the building in question as well as the defendant to testify as to its physical layout. In short, the defense had adequate time to prepare its case in support of its motion to quash the search warrant. A trial court should be given an opportunity to consider all issues or theories which may be urged by parties to the litigation on review. "The failure to urge a particular theory before the trial court will often cause the opposing party to refrain from presenting available pertinent rebuttal evidence on such theory, which evidence could have a positive bearing on the disposition of the case in both the trial and reviewing courts." (*People v. McAdrian* (1972), 52 Ill.2d 250, 254, 287 N.E.2d 688, 690.) This court concludes that the two grounds interjected by defendant in support of the trial court's order are not properly before us and have been forever waived.

The order of the trial court quashing the search warrant and sup-

810

pressing the evidence seized is reversed and the cause remanded with directions to deny the motion to quash the search warrant and suppress the evidence.

Reversed and remanded with directions.

BURMAN and DIERINGER, JJ., concur.