546 P.2d 843

**STATE of Arizona, Appellee,**

v.

**Lewis Lee BONIFACE, Appellant.**

**No. I CA–CR 1197.**

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 26, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Frank T. Galati, Asst. Attys. Gen., Phoenix, for appellee.

Jim D. Smith, Yuma, for appellant.

OPINION

FROEB, Judge.

The appellant was found guilty of receiving stolen property pursuant to A.R.S. § 13–1645 and was sentenced to the state prison for a term of not less than one and one-half years nor more than five years. Subsequent to the trial court's denial of appellant's motion to suppress evidence, the appellant stipulated to a waiver of jury

trial and submitted the case for a determination of guilt or innocence to the court solely on the evidence contained in the transcript of the grand jury proceedings. Appellant appeals from the judgment of guilt and sentence imposed, contending that the trial court erred in its denial of the appellant's motion to suppress.

On January 7, 1975, a police officer on the Yuma City/County Narcotics Task Force obtained a search warrant for items of property located at a house at 309 22nd Avenue, Yuma, Arizona, upon information supplied by an informer. The warrant was obtained in the late afternoon, and shortly thereafter the officers proceeded to 309 22nd Avenue. Upon arriving at this address, the police officer who had prepared and filed the affidavit supporting the issuance of the search warrant determined that a mistake had been made as to the address and decided not to execute the warrant. Instead, he telephoned his informant who had supplied the original information and obtained further details. He then telephoned the magistrate who had issued the warrant and explained to him the mistake which had been made. He told the magistrate of his subsequent telephone call to the informant and requested permission to change the address on the warrant to 413 22nd Avenue. Over the telephone, the magistrate authorized the police officer to change the address on the search warrant to 413 22nd Avenue. The officer then executed the warrant upon the defendant's home which was located at still a different address, namely, 411 22nd Avenue.

The following questions are presented for review:

1. Can a magistrate authorize amendment of a warrant over the telephone to correct an erroneous address?

2. If so, is the amended warrant valid where the information furnished by the officer over the telephone was not given while under oath and the conversation was not recorded by the magistrate?

3. Is a search of a residence unlawful where the warrant, even as amended, describes the residence by an incorrect address?

We turn first to the third issue involving the adequacy of the description of the place to be searched.

It is undisputed that the warrant and affidavit as finally "amended" authorized law enforcement officers to search only the premises at 413 22nd Avenue at the time it was served on appellant at 411 22nd Avenue. No other description of the house beyond the street address was contained in the warrant or affidavit. Both addresses are in fact residences on the same street.

This is not a borderline case or a mere legal technicality. The Fourth Amendment to the United States Constitution provides:

> . . . no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, *and particularly describing the place to be searched* . . . [emphasis added]

■ This constitutional provision has been interpreted to require that a description in a search warrant have sufficient particularity to enable the searching officer, with reasonable effort, to ascertain and identify the place intended to be searched. *Steele v. United States*, 267 U. S. 498, 45 S.Ct. 414, 69 L.Ed. 757 (1925); *State v. Jung,* 19 Ariz.App. 257, 506 P.2d 648 (1973).

On several occasions courts have upheld search warrants with incorrect street addresses, where the warrants contained not only the erroneous street address but also a written description or name of the premises to be searched. See, for example, *Guzman v. State,* 508 S.W.2d 375 (Tex. 1974); *Hutto v. State,* 50 Ala.App. 636, 282 So.2d 75 (Ala.1973); *State v. Gallo,* 279 So.2d 71 (Fla.App.1973); *People v. Laws,* 7 Ill.App.3d 826, 288 N.E.2d 890 (1972). As we have stated, however, the only description in this case was the street address.

■ Since the warrant in this case was executed upon a house which was not de-

scribed in the warrant, it does, of necessity, violate the constitutional requirements previously set forth. As stated by the Colorado Supreme Court in *People v. Royse*, 173 Colo. 254, 477 P.2d 380 (1970):

> To describe the place to be searched with particularity as is required, certainly means that if the place has an established street address, and this is the only method of description utilized, the correct address, and only the correct address, will suffice. In our view, this is a self-evident constitutional requirement in those cases where search warrants utilize street numbers and the street names as a means of describing the place to be searched. [477 P.2d at 382]

See also: *State v. Yoder*, 96 Idaho 651, 534 P.2d 771 (1975).

This constitutional requirement has been restated recently by the Arizona Supreme Court in *State v. Gillin*, 112 Ariz. 348, 541 P.2d 1150 (Ariz.Sup.Ct.1975). In *Gillin*, as in this case, the warrant was executed on an address different from that in the warrant. The court noted that while it has excused minor errors in description, the error in this instance went to the substance of the warrant.

■ At the suppression hearing before the trial court, testimony was given by the police officer that he gave a complete physical description of the house to the magistrate over the telephone when he obtained permission to amend the warrant. The State argues that the verbal description thus given overcomes the erroneous street address appearing on the warrant. We disagree. The description of the property to be searched must be set forth in the warrant itself. In *State v. Dragos*, 20 Ariz.App. 14, 509 P.2d 1051 (1973), this court held a search warrant invalid for failing to include a description of the property to be seized despite the fact that the affidavit upon which the issuance of the search warrant was based included a sufficient description. The court said:

However, the affidavit was not made a part of the search warrant, nor was it served with it. Therefore it cannot be argued that it cured the failure of the warrant to comply with the above-quoted express statutory and constitutional provisions by limiting the scope of the otherwise all-inclusive general warrant. [20 Ariz.App. at 15, 509 P.2d at 1052.]

We turn next to the question of whether a search warrant can be amended by a magistrate over the telephone. A.R.S. § 13–1444 provides for the issuance of a search warrant by this means and states:

A. The magistrate may, before issuing the warrant, examine on oath the person or persons, seeking the warrant, and any witnesses produced, and must take his affidavit, or their affidavits, in writing, and cause the same to be subscribed by the party or parties making the affidavit. The magistrate may also, before issuing the warrant, examine any other sworn affidavit submitted to him which sets forth facts tending to establish probable cause for the issuance of the warrant.

B. The affidavit or affidavits must set forth the facts tending to establish the grounds of the application, or probable cause for believing they exist.

C. In lieu of, or in addition to, a written affidavit or affidavits, as provided in subsection A, the magistrate may take an oral statement under oath which shall be recorded on tape, wire, or other comparable method. This statement may be given in person to the magistrate, or by telephone, radio, or other means of electronic communication. This statement shall be deemed to be an affidavit for the purposes of issuance of a search warrant. In such cases if a recording of the sworn statement has been made, the magistrate shall direct that the statement be transcribed and certified by the magistrate and filed with the court. As amended Laws 1970, Ch. 59, § 2; Laws 1971, Ch. 152, § 3.

Upon compliance with paragraph C, the officer requesting the warrant can be authorized to sign the magistrate's name to it, following the requirements of A.R.S. § 13–1445(C) which states:

> The magistrate may orally authorize a peace officer to sign the magistrate's name on a search warrant if the peace officer applying for the warrant is not in the actual physical presence of the magistrate. This warrant shall be called a duplicate original search warrant and shall be deemed a search warrant for the purposes of this chapter. In such cases, the magistrate shall cause to be made an original warrant and shall enter the exact time of issuance of the duplicate original warrant on the face of the original warrant. Upon the return of the duplicate original warrant, the magistrate shall cause the original warrant and the duplicate original warrant to be filed as provided for in § 13–1453. As amended Laws 1970, Ch. 59, § 3; Laws 1971, Ch. 152, § 4.

We hold that upon compliance with these provisions, a magistrate may authorize the amendment of an existing warrant over the telephone, the effect of which is tantamount to the issuance of a new warrant. In doing so, it is mandatory that the statement of the officer be recorded by the magistrate. See *State v. Robertson*, 111 Ariz. 427, 531 P.2d 1134 (1975). It is also necessary that the statements of the officer be made under oath, administered by the magistrate over the telephone. As both requirements are a necessary part of the legislation authorizing a warrant to be obtained by telephonic means, their omission will invalidate a warrant. Thus, in this case, where the statements were neither made under oath nor recorded, additional grounds exist which render the warrant invalid.

Judgment reversed.

DONOFRIO, P. J., and OGG, J., concur.