THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
ALMA REDMOND *et al.*, Defendants-Appellees.

First District (1st Division)    Nos. 76-380, 381, 382, 383, 384 cons.

Opinion filed November 8, 1976.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and Randolph T. Kemmer, Assistant State's Attorneys, of counsel), for the People.

Howard D. Geter, Jr., of Chicago, for appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Alma Redmond, Lilly Taylor and Silas T. Terrell (defendants) were charged with gambling (Ill. Rev. Stat. 1973, ch. 38, par. 28—1(a)(8)). Silas T. Terrell was also charged with keeping a gambling place (Ill. Rev. Stat. 1973, ch. 38, par. 28—3). All defendants were arrested and certain gambling paraphernalia seized pursuant to a search warrant. Defendants' pretrial motion to quash the warrant and suppress this evidence was granted. The State appeals. Supreme Court Rule 604(a)(1), Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1).

The complaint for search warrant is sworn to by Investigator George Barzydlo of the Chicago Police Department. The complaint describes the premises to be searched as "The Ground Level Apartment at 708 East 42nd Street Chicago, Illinois, Cook." At the bottom of the complaint there

is a typewritten statement: "Based on by [*sic*] observation the first floor is the ground level apartment." and also handwritten initials "O.K." and "J.M.S." and the figures "5-2-75." The search warrant describes the premises as "The Ground Level Apartment at 708 East 42nd Street Chicago, Cook, Illinois." There is a line drawn around the words "Ground Level"; also a handwritten endorsement which appears to be " * * * walk up 12 steps to get to 1st floor." On the margin of the warrant at this point there are handwritten letters and figures, "O.K. 5-20-75."

The evidence shows that these additions were made prior to the endorsement by the judge and "By the Assistant State's Attorney and the Judge that signed the warrant." The building in question consists of three apartments, one each in the basement, first floor and second floor. The defendants were arrested in the first floor apartment which was located 12 steps above ground level. The search and arrests were made by Officer Barzydlo who was the complainant for the search warrant. He conducted surveillance of the building on two separate days and the complaint details his activities in this regard. The theory apparently adopted by the trial court was that the warrant did not correctly describe the place to be searched.

In this court the State contends that when the complainant for a search warrant is also the officer executing the warrant, the complaint and warrant can be read in support of one another in determining whether the place to be searched has been designated with particularity. Defendants urge that where the warrant itself fails particularly to describe the place to be searched, the affidavit or complaint cannot be used to bolster the description unless the affidavit has been "specifically incorporated" into the warrant.

The statutes of Illinois require that premises directed to be searched be "particularly described in the warrant." (Ill. Rev. Stat. 1975, ch. 38, par. 108—7.) The applicable constitutional safeguard requires an "affidavit particularly describing the place to be searched * * *" but makes no specific reference to the warrant itself. (Ill. Const. 1970, art. I, §6.) It has been held that a search warrant is sufficiently descriptive if it enables the police officer who executes it to identify the place intended to be searched with "reasonable effort." The description in the warrant need not be "technically correct." (*People v. Edwards* (1976), 35 Ill. App. 3d 807, 808, 342 N.E.2d 800.) In *People v. Mecca* (1971), 132 Ill. App. 2d 612, 614, 270 N.E.2d 456, after reviewing *People v. Watson* (1962), 26 Ill. 2d 203, 186 N.E.2d 326, and *People v. Holton* (1927), 326 Ill. 481, 158 N.E. 134, this court concluded that "even where a reading of the address listed on a search warrant taken by itself does not actually pinpoint the premises to be searched other identifying factors may be considered to enable the officer to locate the premises with definiteness and certainty."

In *Mecca*, this court permitted reference to an affidavit describing the siding on the exterior of a house to enable an officer to ascertain whether the building to be searched was located on Western Avenue or Western Boulevard. (132 Ill. App. 2d 612, 614-15.) In other instances this court has approved a search where the warrant described the first two floors of a three-story building as " 'a 1st floor apartment and basement of a two flat frame building' * * *" (*People v. Edwards* (1976), 35 Ill. App. 3d 807, 808, 342 N.E.2d 800) and also has approved a warrant describing an apartment one flight of stairs above ground level as a second floor apartment (*People v. Moore* (1970), 124 Ill. App. 2d 204, 205, 260 N.E.2d 255).

In the case before us, the complaint originally described the apartment in question by use of the words "ground level." However, the uncontradicted evidence of Investigator Barzydlo, the affiant himself, was that the complaint had been supplemented with the statement that observation showed that the apartment was located on the first floor and that this had been done prior to acknowledgment of the instrument before the judge. The warrant itself was also amended to reflect the fact that the apartment in question was reached by walking up 12 stairs. The evidence shows that the apartment was 12 stairs above the ground and these were the premises actually searched. There was no apartment in the building located precisely on the ground level, as the basement apartment was below the ground level. The complainant in this case was the same officer who executed the warrant and who previously had the apartment under surveillance on two days. He was completely familiar with the physical aspects of the building and of the three apartments. There was no danger of a search of the wrong apartment or of infringement upon the rights of any party.

Defendants rely on *People v. Staes* (1968), 92 Ill. App. 2d 156, 235 N.E.2d 882, to support their argument that, where facts do not establish that the complaint was attached to or incorporated into the warrant by reference, the complaint may not be used to bolster the description contained in the warrant. We cannot adopt this viewpoint. In our opinion this would contravene the applicable statutory mandate which provides that, "No warrant shall be quashed nor evidence suppressed because of technical irregularities not affecting the substantial rights of the accused." Ill. Rev. Stat. 1973, ch. 38, par. 108—14.

Furthermore, even if we wished to apply the requirement that the complaint be incorporated into the warrant by reference, this condition is more than satisfied by the fact that the police officer who served the warrant is the same person who originally received the information regarding the premises, had the building under surveillance and swore to the complaint.

*People v. McCullum* (1975), 33 Ill. App. 3d 451, 338 N.E.2d 248, is fairly close to the case before us. There, this court affirmed refusal of the trial court to quash a search warrant where "the address and description of the premises to be searched were on a slip of paper taped to the search warrant." Since, in the case before us, according to the uncontradicted evidence, the address was affixed prior to the time the judge signed the warrant, no error is shown concerning the description of the premises. See 33 Ill. App. 3d 451, 454.

We are completely satisfied that the warrant here was sufficient and that the entire procedure did not in any manner affect the substantial rights of the defendants. The order appealed from is accordingly reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Order reversed and cause remanded with directions.

SIMON and O'CONNOR, JJ., concur.