583 P.2d 889

**STATE of Arizona, Appellee,**

v.

**Ollie Jean MORGAN, Appellant.**

**No. 4149.**

Supreme Court of Arizona, In Banc.

June 28, 1978.

Bruce E. Babbitt, Former Atty. Gen., John A. LaSota, Jr., Atty. Gen. by William J. Schafer, III, Diane DeBrosse Hienton, Asst. Attys. Gen., Phoenix, for appellee.

Brice E. Buehler, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant, Ollie Jean Morgan, appeals from a conviction in the Superior Court for illegal possession of a narcotic drug for sale and the revocation of probation after conviction for the offense of possession of a narcotic drug. Jurisdiction was accepted pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S. Affirmed.

Appellant's sole claim of error is that the Superior Court improperly denied her motion to suppress evidence found in the search of her apartment. She alleges that the search of her apartment was made pursuant to a search warrant which failed to adequately describe her apartment.

The search warrant contained the following description of the place to be searched:

"1803 E. Adams, Apt # 3, the apartment complex on the south side of Adams, 1800 block east, the apartments are pink in color, this apartment being the second apartment north of the south end of the apartments at 1803 E. Adams, the front door of this apartment faces west."

Appellant urges that the warrant was invalid because the address on the search warrant was "1803 E. Adams," whereas the address of her apartment was "1813 E. Adams." She also asserts that her apartment was not pink but beige and not bright enough to be pink.

It is undisputed that the appellant did reside at 1813 E. Adams and that the warrant was incorrect in this respect. The parties dispute whether the apartment should be considered pink, beige, or beige-pink. However, the record disclosed that the remaining information in the search warrant correctly describes appellant's apartment.

The Fourth Amendment to the United States Constitution provides:

"[N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and *particularly describing the place to be searched * * *.*"

This test for particularity was laid down by the Supreme Court of Illinois in *People v. Watson*, 26 Ill.2d 203, 186 N.E.2d 326, 327 (1962):

"Constitutional requirements relating to searches are satisfied in these cases if the warrant describes the premises to be searched with reasonable certainty, and a technical description is unnecessary. * * * A warrant is sufficiently descriptive if it enables the officer, with reasonable effort, to identify the place. * * * If the property is sufficiently recognizable from the description to enable the officer to locate the premises with definiteness and certainty, it is adequate."

At the hearing held on appellant's motion to suppress, one of the police officers who executed the search warrant testified that he entered the apartment complex from the rear and used the physical description in the warrant to locate appellant's apartment; that he did not use the address on the warrant. The record discloses that the correct address of the apartment complex was not ascertained until after the warrant had been executed; that "1803 E. Adams" is a

**4**

vacant lot and that appellant's apartment complex is the only apartment complex on the south side of the 1800 block of East Adams. The closest apartments to appellant's were in the 1700 block of East Adams. The testimony of one officer indicated that these would not be confused with appellant's complex because they were known to the officers as a "project house" and were in a different block. Two officers testified that the apartment appeared to be a light pink when the warrant was executed, although one officer also indicated that some people might consider the color to be beige. The testimony showed that the officers themselves thought the apartment complex was pink.

However, if we assume that the building was beige or beige-pink, this is only a slight discrepancy which will not invalidate a warrant. *State ex rel. Flournoy v. Wren*, 108 Ariz. 356, 498 P.2d 444 (1972); *State v. Jung*, 19 Ariz.App. 257, 506 P.2d 648 (1973). Nor should a search warrant be read in a hypertechnical manner. *State v. Gillin*, 112 Ariz. 348, 541 P.2d 1150 (1975).

The mistake in the address number may also be viewed as a minor error under the facts of this case.

"On several occasions courts have upheld search warrants with incorrect street addresses, where the warrants contained not only the erroneous street address but also a written description or name of the premises to be searched. See for example, *Guzman v. State*, 508 S.W.2d 375 (Tex.1974); *Hutto v. State*, 50 Ala.App. 636, 282 So.2d 75 (Ala.1973); *State v. Gallo*, 279 So.2d 71 (Fla.App. 1973); *People v. Laws*, 7 Ill.App.3d 826, 288 N.E.2d 890 (1972)." *State v. Boniface*, 26 Ariz.App. 118, 119, 546 P.2d 843, 844 (1976).

Notwithstanding the error in the address and the asserted error in color, the warrant described appellant's apartment with reasonable certainty and particularity.

Judgments affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.