675 P.2d 718

**In the Matter of the Appearance and Attendance before the Grand Jury 32 GJ 191.**

Craig **MEHRENS**, Appellant,

v.

**STATE of Arizona**, Appellee.

No. 1 CA–CIV 6122.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 13, 1983.

Reconsideration Denied Oct. 20, 1983.

Review Denied Jan. 10, 1984.

Law Offices of Thomas A. Thinnes, P.A. by Thomas A. Thinnes and Lewis & Roca by Jordan L. Green, Phoenix, for appellant.

Thomas E. Collins, Maricopa County Atty. by Myrna J. Parker, Deputy County Atty., Phoenix, for appellee.

## OPINION

FROEB, Judge.

This appeal is from the denial of a petition under the contravention statute, A.R.S. § 13–3922, for the return of property seized pursuant to a search warrant.

Appellant Craig Mehrens, an attorney, represented Ronald Anthony Wayman on charges of child molestation of his minor daughter, Sandra Marie Wayman. During the course of their investigation of Wayman, police learned of letters written and sent by Wayman to his daughter which allegedly contained incriminating statements. A search warrant for the Wayman home was obtained and executed, but the letters in question were not found. However, it was learned that Wayman had given the letters to appellant. At that point a subpoena duces tecum was issued directing appellant to produce the letters. Appellant refused to comply with the subpoena and moved to have it quashed on the ground that it violated the attorney-client privilege. The trial court granted the motion to quash and the letters in question were given to and held by the court at its request.

Thereafter, the state filed a petition for special action in the Arizona Supreme Court to contest the ruling. The supreme court affirmed the trial court, holding that

appellant could not be compelled to produce the letters pursuant to a subpoena duces tecum. *See State v. Superior Court,* 128 Ariz. 253, 625 P.2d 316 (1981). The opinion, however, left unresolved the issue of whether the letters could be obtained by other means.

Following the supreme court's decision, the state then made a request to have the trial court release the letters. After hearing arguments, the trial court denied the request and ordered appellant to pick up the letters before nine o'clock the following morning.

The state then obtained a warrant directed to a search of appellant on the morning he was to pick up the letters at the courthouse.[1] When appellant left the court chambers after picking up the letters, the search warrant was served upon him by police officers. Appellant refused to voluntarily comply with the warrant and his briefcase containing the letters was then seized.

Appellant filed a contravention of search warrant, together with a separate request for damages. The request for damages has been abandoned. The trial court denied the contravention and this appeal followed.

The case involves the interpretation of the contravention statute, A.R.S. § 13–3922, which reads as follows:

> If the grounds on which the warrant was issued are controverted, the magistrate shall proceed to take testimony relative thereto. The testimony given by each witness shall be reduced to writing and certified by the magistrate. If it appears that the property taken is not the same as that described in the warrant, or that probable cause does not exist for believing the items were subject to seizure, the magistrate shall cause the property to be restored to the person from whom it was taken, provided that the property is not such that its possession would constitute a criminal offense.

Five issues are raised by appellant on appeal:

1. Whether this court has jurisdiction to hear this appeal;
2. Whether the trial court erred in finding probable cause to support the issuance of the search warrant;
3. Whether the trial court erred in its finding that the items seized were the same as those described in the warrant;
4. Whether the trial court erred in construing the contravention statute too narrowly; and
5. Whether the seizure of the letters violated United States and Arizona constitutional provisions.

We address these issues in the order presented.

## JURISDICTION

■ The issue of whether this court has jurisdiction to review a request for relief under the contravention statute has been resolved in appellant's favor by *Greehling v. State,* 135 Ariz. 498, 662 P.2d 1005 (1982) (first Arizona Supreme Court opinion). We therefore proceed to discuss the merits of the appeal.

## PROBABLE CAUSE TO ISSUE THE WARRANT

■ The grounds upon which a search warrant is issued may be controverted upon a showing that there was no probable cause for its issuance. A.R.S. § 13–3922. For a search warrant to issue there must be probable cause to believe that an offense has been committed and that evidence exists at the place for which a warrant is sought. *See* A.R.S. § 13–3912(4); *State v. Hale,* 131 Ariz. 444, 641 P.2d 1288 (1982); *Zurcher v. The Stanford Daily,* 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978). A search warrant is presumed valid and the defendant has the burden of proving its invalidity. *Greehling v. State,*

---

1. The search warrant here is directed to a nonsuspect third party of the type approved in

*Zurcher v. The Stanford Daily,* 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978).

136 Ariz. 175, 665 P.2d 57 (1983) (second Arizona Supreme Court opinion).

Appellant argues that the trial court erred in finding probable cause to believe the letters were subject to seizure. He contends the Arizona Supreme Court ruled the letters were protected by the attorney-client privilege, *State v. Superior Court,* and that a search warrant was not the proper vehicle for obtaining them. We find no merit to this argument. Appellant misconstrues the holding of the court in *State v. Superior Court.* The court held only that appellant could not be *compelled under the subpoena* to produce the requested letters. The opinion expressly left open the question of whether the letters could be obtained by another means. Appellant conceded in the trial court that had the letters been in Wayman's possession they could have been lawfully seized from him pursuant to a valid warrant. We are referred to no authority which would prohibit the state from obtaining otherwise seizable evidence because it is placed in the possession of an attorney. To so hold would mean that a defendant could shield the evidence by the simple expedient of delivering it to his attorney.

In the alternative, appellant argues that the search warrant was invalid because there was no probable cause to believe the letters were in his possession at the time the warrant was issued.[2] Appellant argues that a prospective warrant is invalid. There is authority, however, authorizing an anticipatory search warrant and holding that it is not proscribed by the fourth amendment. *State v. Cox,* 110 Ariz. 603, 522 P.2d 29 (1974); *see generally* 1 W. LaFave, *Search and Seizure, A Treatise*

*on the Fourth Amendment* § 3.7(c) at 699–700 (1978). This is so when it can be shown that the right to search will exist within a reasonable time in the future. *State v. Cox.*

The test to determine if probable cause exists for the issuance of a search warrant is the same for present as well as prospective warrants; namely, whether the evidence presented in support of the warrant creates a substantial probability that the seizable property will be located at the place authorized to be searched by the warrant. *State v. Cox.* Here, the affidavit reflects the affiant's awareness that appellant would reclaim possession of the letters at some time during the business hours of the court prior to 9:00 A.M., on March 4, 1981. Although the better practice is for the warrant to provide that execution of the warrant will not occur until the happening of some specified event, the warrant here is nevertheless valid. *See Johnson v. State,* 617 P.2d 1117 (Alaska 1980) (holding that the judge's failure to insert a direction in the search warrant making execution contingent upon the happening of an event which evidences probable cause that the item to be seized is in the place to be searched, did not invalidate the warrant where it was unlikely the police would frustrate their efforts by executing the warrant prematurely).

Cases relied upon by appellant are distinguishable. In both *State v. Berge,* 130 Ariz. 135, 634 P.2d 947 (1981) and *State v. Vitale,* 23 Ariz.App. 37, 530 P.2d 394 (1975), there was no probable cause to believe that criminal activity occurred or would occur prior to the issuance of an

---

**2.** The affidavit in support of the warrant stated the following:

A Motion for Hearing For Release of Sealed Documents was filed on February 20, 1981. Pursuant to that motion, JUDGE FRENCH ordered that the motion for a hearing is denied and the attorney for the defendant must obtain the sealed documents no later than 9:00 a.m., on March 4, 1981 from JUDGE FRENCH's court. This motion was denied on March 3, 1981 at 4:30 p.m.

It is my belief that subsequent to normal court hours on March 4, 1981, CRAIG MEHRENS, or his agent, will receive custody of these sealed documents. It is also my belief that these sealed documents are of evidentiary value and, therefore, should be seized from the person of CRAIG MEHRENS or his agent. The warrant was issued in the early morning of March 4, 1981. Appellant argues that at the time the warrant was issued there was no probable cause to believe that appellant was in possession of the letters.

anticipatory warrant. In the present case there was probable cause to believe that a crime had occurred and that the letters were subject to seizure.[3] We find this case to be closer to *State v. Cox* in which the Arizona Supreme Court upheld the issuance of an anticipatory warrant. In that case the affidavit established that items would be subject to seizure at a reasonable time in the future. We conclude that there was sufficient probable cause for the issuance of the warrant in this case and that it did not call for execution beyond a reasonable time.

## DESCRIPTION OF THE PROPERTY SEIZED

■ Appellant next argues that the property seized was not the same as that described in the search warrant. The warrant described the following property to be seized: "A sealed envelope containing personal letters written to Sandra Marie Wayman by Ronald A. Wayman." When appellant refused to comply voluntarily with the execution of the warrant, his briefcase with the sealed envelope containing the letters was seized. Although the officers declined appellant's request to argue the propriety of the warrant immediately before a superior court judge, there is no indication that they refused to allow appellant to be present when they opened his briefcase and removed the letters. When the briefcase was opened in the presence of disinterested witnesses, the scope of the search was limited to obtaining the sealed envelope containing the letters. Although appellant's briefcase contained his client's file and other confidential matters, these items were not disturbed or examined by the officers. Once the letters were removed, appellant's briefcase was closed and immediately returned to him.

In our opinion, the officers did not act unreasonably in seizing appellant's brief-case. It was not seized until appellant had refused to voluntarily comply with the warrant, and only after he was first searched. It was reasonable to conclude that the letters, if they were not on appellant's person, would be in his briefcase. In this respect, we follow the rationale of the court in *State v. Caldwell*, 20 Ariz.App. 331, 512 P.2d 863 (1973) (search may extend to all areas necessarily a part of the place searched and so inseparable as to constitute a part thereof).

■ The fourth amendment requires that the description in the warrant be of sufficient particularity as to enable the searching officer to ascertain and identify the place intended to be searched. *State v. Boniface*, 26 Ariz.App. 118, 546 P.2d 843 (1976). Where voluntary compliance is refused, we do not find it unreasonable for the officers to take the next step to locate the letters in appellant's briefcase.

## APPLICATION OF A.R.S. § 13-3922

■ In denying appellant's request for relief under the contravention statute, the trial court interpreted A.R.S. § 13-3922 as limited to attacks on the sufficiency of evidence supporting the *issuance* of the warrant. Appellant argues that even if the warrant were properly issued, it was unreasonably *executed* and he was entitled to relief under the contravention statute. The trial court found that A.R.S. § 13-3922 does not deal with the manner of execution of a search warrant and therefore does not authorize contravention on the ground that the execution was unreasonable. We agree. Appellant refers us to no contrary authority.

■ Even assuming reasonableness of execution were susceptible to inquiry under A.R.S. § 13-3922 and that the seizure were in fact not reasonably executed, we are unable to conclude that the letters should be restored to appellant.

---

**3.** See A.R.S. § 13-3912, which reads:
   A search warrant may be issued upon any of the following grounds:
   \*     \*     \*     \*     \*     \*
   4. When property or things to be seized consist of any item or constitute any evidence which tends to show that a particular public offense has been committed, or tends to show that a particular person has committed the public offense.

In effect, appellant asks us to adopt a rule requiring the restoration of all evidence seized pursuant to a valid search warrant where items improperly seized are also taken. We decline to adopt this rule. When the officers returned appellant's briefcase to him, appellant obtained the relief to which he was entitled under A.R.S. § 13–3922. We note as persuasive the rationale of the court in *United States v. Heldt*, 668 F.2d 1238 (D.C.Cir.1981), *cert. denied*, 456 U.S. 926, 102 S.Ct. 1971, 72 L.Ed.2d 440 (1982). There, the court refused to suppress all the fruits of a general search where there was evidence that the officers seized several documents outside the scope of the search. The court stated:

> We recognize that in some cases a flagrant disregard for the limitations in a warrant might transform an otherwise valid search into a general one, thereby requiring the entire fruits of the search to be suppressed. (citations omitted). If in this case law enforcement officers had conducted a document search as if no limiting warrant existed, rummaging at will among defendants' offices and files, then the mere existence of a valid—but practically irrelevant—warrant for certain specified documents would not be determinative of whether the search was so unreasonable as to require suppression of everything seized. Defendants do show several instances where documents were seized outside the warrant, but they do not demonstrate such flagrant disregard for the terms of the warrant which might make the drastic remedy of total suppression necessary. Absent that sort of flagrant disregard, the appropriate rule seems to be that where officers seize some items outside the scope of a valid warrant, this by itself will not affect the admissibility of other contemporaneously seized items which do fall within the warrant. (citations omitted).

668 F.2d at 1259–60.

### CONSTITUTIONAL ISSUES

Appellant raises several constitutional issues relating to the seizure as grounds for relief under A.R.S. § 13–3922. The arguments are based largely upon the assumption that the letters are protected from seizure by reason of the attorney-client privilege. There is, however, no attorney-client privilege attached to the letters. Contrary to appellant's argument, the Arizona Supreme Court has not suggested that the letters are protected from seizure by the attorney-client privilege. In *State v. Superior Court*, the court ruled that a subpoena duces tecum directed to appellant and calling for "[a]ny and all personal letters written ... by Ronald A. Wayman" implicated both the attorney-client privilege and the privilege against self-incrimination. *The reason, however, was that compliance with the subpoena would have authenticated the fact that Wayman was the author of the letters.* That is not the problem here. The letters arguably written by Wayman and sent to his daughter may constitute admissible evidence. The attorney-client privilege and the privilege against self-incrimination are not involved and do not bar their seizure. Since the letters could be seized from Wayman, they may likewise be seized from his attorney under a proper warrant. *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976).

Appellant failed to controvert the warrant as provided in A.R.S. § 13–3922 and therefore the trial court did not err in denying the petition to have the letters restored to his possession.

Affirmed.

OGG and CORCORAN, JJ., concur.