925 P.2d 686

Larry Wayne LINCH and Gina Marie Linch, husband and wife; individually and on behalf of Michael Christopher Linch and Kaley Marie Linch, as their parents and natural guardians, Plaintiffs/Appellants,

v.

THOMAS–DAVIS MEDICAL CENTERS, P.C., an Arizona corporation; Snell & Wilmer, L.L.P.; Dr. Margaret Sutherland and Dr. Janet MacGregor, Defendants/Appellees.

No. 2 CA–CV 95–0099.

Court of Appeals of Arizona, Division 2, Department B.

Feb. 29, 1996.

Review Granted Oct. 21, 1996.

as–Davis in a criminal investigation of Larry for domestic violence against Gina. The Linches were unaware that a search warrant had been issued and thus did nothing themselves to prevent the seizure. Sutherland and MacGregor claim they were likewise unaware of the search warrant until after the records had been seized.

After the Linches learned of the seizure, they filed a complaint against Thomas–Davis, Sutherland and MacGregor, seeking damages suffered as a result of the release of their psychological records. The Linches later amended their complaint to add Thomas–Davis' attorneys, Snell & Wilmer, L.L.P. (Snell & Wilmer). The defendants then moved for and were granted summary judgment. The Linches moved for a new trial, which was denied, and this appeal followed.

There are no disputed questions of fact, and therefore we review questions of law *de novo*. *Tovrea Land & Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 412 P.2d 47 (1966).

Robert Truman Hungerford, Tucson, for Plaintiffs/Appellants.

Cavett & Kaucher by Dan Cavett and Laura Ridenour, Tucson, for Defendant/Appellee Thomas–Davis.

Snell & Wilmer, L.L.P. by James R. Condo and Russell B. Stowers, Tucson, for Defendant/Appellee Snell & Wilmer.

Renaud, Cook, & Drury, P.A. by William W. Drury, Jr. and Charles A. Struble, Phoenix, for Defendant/Appellee Sutherland.

Goering, Roberts, Berkman, Rubin & Brogna, P.C. by Scott Goering and Chris L. Enos, Tucson, for Defendant/Appellee MacGregor.

## OPINION

HATHAWAY, Judge.

In January 1992, the state seized the patient files of appellants Larry and Gina Linch from appellees Thomas–Davis Medical Centers, P.C. (Thomas–Davis) and Drs. Margaret Sutherland (Sutherland) and Janet MacGregor (MacGregor), psychologists who had provided marital counseling to the Linches. The records were seized in response to a search warrant served on Thom-

## THE PRIVILEGE

■ The Linches claimed below, and now on appeal, that appellees should have done more to assert a privilege on their behalf. We disagree. The record shows that on January 21, 1992, the state sought to obtain the Linches' patient records by grand jury subpoena. Upon the advice of Snell & Wilmer, Thomas–Davis refused to release the records pursuant to the subpoena,[1] stating that a court order was required. *See Tucson Medical Center, Inc. v. Rowles*, 21 Ariz.App. 424, 429, 520 P.2d 518, 523 (1974). The next day, a superior court judge signed a search warrant and the records were seized. At that time, Snell & Wilmer requested the court to seal the records and conduct an *in camera* review. Upon reviewing the records, the judge ordered them released "pursuant to the Grand Jury subpoena previously issued." We conclude that under these circumstances, appellees had no further obligation or means to assert or protect the Linches' privilege.

---

1. A.R.S. § 12–2282(C)(2) provides that notice to the patient that privileged records have been requested is not required where a grand jury subpoena is issued in a criminal investigation, as here.

In the face of a search warrant, an individual has no choice but to comply with the warrant, even if it is later found to be illegal. *State v. Hatton*, 116 Ariz. 142, 568 P.2d 1040 (1977). By definition, a search warrant is a court order. A.R.S. § 13–3911. This is true, despite the privileged nature of the property to be seized. Because of the immediacy of a search warrant, the party being served has no choice but to comply with the warrant at the time of service, there being no mechanism to contest the seizure before compliance. A.R.S. § 13–3922(A) provides a means to controvert the improper seizure of property once the seizure has occurred. However, that statute provides no guidance in the instant case, as the remedy it affords is restoration of the property to the owner. Because of the nature of the instant seizure, the disclosure of confidential information, the damage occurred at the moment of seizure and an attempt to controvert thereafter would be futile.

In support of their position that appellees should have done more, the Linches rely upon A.R.S. § 32–2085, the psychologist-client privilege statute. It provides in pertinent part:

> The confidential relations and communication between a client and a psychologist ... *are placed on the same basis as those provided by law between an attorney and client.*

(Emphasis added.) The Linches contend that because the statute equates the psychologist-client privilege with the attorney-client privilege, it required appellees to do more than they did. They suggest that the attorney-client privilege imposes a higher duty than the physician-patient privilege when faced with a search warrant but cite no authority for this proposition, nor have we found any. Appellee Sutherland asserts that appellants' reliance on *Mehrens v. State*, 138 Ariz. 458, 675 P.2d 718 (App.1983), *cert. denied*, 469 U.S. 870, 105 S.Ct. 219, 83 L.Ed.2d 149 (1984), is misplaced; we agree that it does not address the issue before us.

In *Mehrens* Division One of this court held that the attorney-client privilege did not prevent the state from obtaining otherwise seizable evidence because it had been placed in the possession of an attorney. In that case, the defendant, accused of child molestation, placed incriminating letters in the hands of his attorney. The state subpoenaed the letters, and the defendant moved to quash on the basis of attorney-client privilege. In an unpublished special action decision rendered prior to the final decision in *Mehrens*, the Arizona Supreme Court affirmed the trial court's holding that appellant could not be compelled to produce the letters pursuant to a subpoena, but left unresolved the issue of whether the letters could be obtained by other means. The attorney was thereafter served with a search warrant for the letters; again, he refused to comply based upon attorney-client privilege. Division One affirmed the trial court's decision to order the attorney to produce the letters because the defendant had placed otherwise seizable materials in the hands of his attorney, ostensibly to circumvent legitimate discovery efforts. *See State v. Superior Court*, 128 Ariz. 253, 625 P.2d 316 (1981) (attorney not compelled to produce privileged evidence belonging to client in attorney's possession, when requested by subpoena served on attorney). *Mehrens* is inapposite in that it addresses the seizure of *otherwise seizable materials*, while the records in the instant case were privileged and not otherwise seizable; *Mehrens* does not address whether the attorney-client privilege would allow such a seizure if the materials were not otherwise seizable.

The Arizona Supreme Court has pointed out that "the purposes behind the physician-patient privilege and the psychologist-patient privilege are identical...." *Bain v. Superior Court*, 148 Ariz. 331, 334 n. 1, 714 P.2d 824, 827 n. 1 (1986). The doctor-patient privilege will not prevent a seizure based on a search warrant, regardless of whether the materials to be seized are privileged, and similarly, the psychologist-client privilege will not prevent such a seizure. *Samaritan Health Services v. City of Glendale*, 148 Ariz. 394, 397, 714 P.2d 887, 890 (App.1986) (hospital has no duty to assert physician-patient privilege "when served with a search warrant relating to its patients' medical records.") *See also Benton v. Superior Court*, 182 Ariz. 466, 468, 897 P.2d 1352,

1354 (App.1994) (physician-patient privilege does not protect victim-patient records in criminal prosecution; "the public policy mandating prosecution of criminals is more compelling than the physician patient privilege").

 Furthermore, A.R.S. § 12–2287 provides that health care providers, such as Thomas–Davis, Sutherland and MacGregor,[2] are

> not liable under civil law for any consequences of disclosure pursuant to this article if disclosure is made in good faith. Good faith is presumed. The presumption is rebuttable by clear and convincing evidence.

Here, Thomas–Davis, Sutherland and MacGregor were not only entitled to the statutory presumption of good faith, but their good faith was demonstrated by their opposition to disclosure until faced with a court order to do so. Because their good faith was not rebutted by clear and convincing evidence, they are not liable for the disclosure of the Linches' patient records.

### LEAVE TO AMEND

In their opposition to the motion for summary judgment, the Linches discuss amending their complaint to add RICO allegations of mail fraud, influencing a witness and tampering with a witness. Given the ambiguous record before us as to whether the Linches in fact moved to amend their complaint to add such claims, we find no abuse of discretion in the trial court's implied denial of such a motion by its grant of summary judgment to appellees. *Romo v. Reyes*, 26 Ariz.App. 374, 548 P.2d 1186 (1976).

### CONCLUSION

We affirm the judgment of the trial court as to all defendants based on our resolution of the privilege issue, and therefore do not reach the statute of limitations issue raised by Snell & Wilmer. All parties will bear their own attorney's fees on appeal.

DRUKE, C.J., and ESPINOSA, P.J., concur.

---

**2.** A.R.S. § 12–2281(1)(b) defines a health care provider as including a "person licensed under title 32...." Information concerning the licensure and other requirements for psychologists is contained in Title 32, § 32–2061 *et seq.*