Q. BY MR. CREASY: I didn't see the term "numbness" used in your report of April of 1995. I'm talking about arm numbness as opposed to finger numbness.

A. I think that is accurate.

Q. Let's get right to the point, Doctor. The nerves that would cause numbness and pain in the arm are different than the nerves that would cause numbness and pain in the fingers, correct?

A. Not always.

Q. Okay. Did you make that determination based upon your examination in April of 1995 whether there was any nerve pathology causing his bilateral arm pain and pain in all of his fingers? Did you determine where that was coming from?

A. As of -- do you mean as of that April visit?

Q. Yeah.

A. Or subsequently?

Q. As of the April visit.

A. I think that the neck pain and the shoulder pain were clearly enough from the upper lesion at C3-4. The pain into the arms and the hands, I think my thinking at that time was that this could be related

KLEMM REPORTING SERVICES - (602) 581-8503

12 P.3d 225

STATE of Arizona, Appellant,

v.

David C. ROARK, Appellee.

No. 1 CA-CR 99-0962.

Court of Appeals of Arizona,
Division 1, Department E.

Oct. 26, 2000.

Richard M. Romley, Maricopa County Attorney by E. Catherine Leisch, Deputy County Attorney, Phoenix, Attorneys for Appellant.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, Attorneys for Appellee.

## OPINION

GERBER, Judge.

¶ 1 We address in this appeal the question whether evidence seized under valid portions

of a partially valid search warrant must be suppressed.

¶ 2 The state appeals from the trial court's finding of an impermissibly general search warrant. It argues that the trial court erred in suppressing all the evidence when only one section was impermissibly general. In its view, the property seized pursuant to valid portions of the warrant should not have been suppressed.

## FACTS AND PROCEDURAL HISTORY

¶ 3 On March 3, 1999, Phoenix Police Detective Moses received information that a white truck at a certain location was stolen. After he learned that the truck had been rented and never returned, he obtained a search warrant for the house where the truck was located.

¶ 4 Paragraph six of the warrant allowed the officers to search for "all serial numbers and identification numbers on property contained within the address. . . ." During their initial entry, the officers discovered a methamphetamine lab. They arrested David Roark, who was later indicted on two counts of theft, one count of possession of drug paraphernalia, one count of manufacture of dangerous drugs and one count of child endangerment. In his motion to suppress, Roark argued that paragraph six converted the entire warrant to a general warrant violating the Fourth Amendment. The state conceded that paragraph six was invalid but that suppression of all the evidence was unnecessary.

¶ 5 The trial judge granted Roark's motion to suppress, finding that paragraphs four and six were invalid. Paragraph four allowed the police officers to search for "water bill, electric bill, phone bill, etc. to establish identity of residents at [the address]." The trial judge did not explain why he found this paragraph to be invalid. He further stated

> there appears to be no authority presented to [the court] . . . of "blue-lining" in the case of a facially unconstitutional warrant so the Court is in no position to find some parts of the warrant valid . . . and the facially defective parts (items 4 and 6 above) invalid.

The state timely appeals from the suppression order.

## DISCUSSION

 ¶ 6 We review the facts in the light most favorable to sustaining the trial court's ruling on a motion to suppress. *State v. Hyde*, 186 Ariz. 252, 265, 921 P.2d 655, 668 (1996). We review *de novo* the legal issue whether a warrant is sufficiently particular to comply with the Fourth Amendment. *United States v. George*, 975 F.2d 72, 75 (2nd Cir.1992).

¶ 7 The state argues that evidence seized pursuant to the valid sections of the warrant should not be suppressed. In its view, the valid parts of the warrant described the stolen car, the license plate, the registration, title and insurance papers and drivers' licenses of the residents of the house. For his part, Roark contends that paragraphs four and six make the entire warrant so general as to violate the Fourth Amendment. In his view, all evidence seized should be suppressed.

 ¶ 8 General warrants·are prohibited by the Fourth Amendment. *See Andresen v. Maryland*, 427 U.S. 463, 480, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976). To prevent the "general, exploratory rummaging in a person's belongings," the Fourth Amendment requires that a search warrant particularly describe the things to be seized. *See id.* (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 467, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971)). The particularity requirement "prevents the seizure of one thing under a warrant describing another." *See id.* (citing *Stanford v. Texas*, 379 U.S. 476, 485, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965)).

¶ 9 In *Andresen*, the Supreme Court found that an entire search warrant was not general and that materials related to the specific crime of false pretenses could be seized. *See id.* at 480–81, 96 S.Ct. 2737. To the extent such papers were not within the scope of the warrant or were otherwise improperly seized, "the State was correct in returning them voluntarily and the trial court was correct in suppressing others." *Id.* at 482, n. 11, 96 S.Ct. 2737. This language has been inter-

preted to mean that the "invalid portions of a warrant may be stricken and the remaining portions held valid" so that "seizures pursuant to the valid portions will be sustained." *United States v. Spilotro,* 800 F.2d 959, 967 (9th Cir.1986); *see also State v. Maddasion,* 130 Ariz. 306, 308, 636 P.2d 84, 86 (1981) ("The entire warrant should not be rendered invalid because portions of it might be vulnerable to challenge."). All the federal circuits and many state courts follow this doctrine of severability or partial suppression.[1]

¶ 10 Under the severability doctrine, the valid portions of the warrant must be supported by probable cause and be sufficiently specific to support severance., *United States v. Christine,* 687 F.2d 749, 754 (3rd Cir.1982). Each part of the warrant needs to be examined separately to determine whether it is impermissibly general or unsupported by probable cause. If the valid portions are "meaningfully severable" from the entire warrant, the trial court may redact the invalid phrases and suppress only the evidence seized pursuant to these invalid portions. *Id.*

¶ 11 A court may decline to sever a warrant if most of its provisions are invalid for lack of specificity. *See United States v. Kow,* 58 F.3d 423, 428 (9th Cir.1995) (declining to sever valid portions of the warrant because they were a relatively insignificant part of an invalid warrant). A court may also determine that total suppression is necessary because of flagrant disregard of the limits of the warrant. *See Mehrens v. State,* 138 Ariz. 458, 463, 675 P.2d 718, 723 (App. 1983) (citing with approval *United States v. Heldt,* 668 F.2d 1238 (D.C.Cir.1981)); *see also United States v. Rettig,* 589 F.2d 418 (9th Cir.1978) (all evidence suppressed because agents unreasonably exceeded the limitations of the warrant).

¶ 12 Partial suppression is an acceptable middle ground between suppressing or admitting all the evidence. *Christine,* 687 F.2d at 759. "[I]t would be harsh medicine indeed if a warrant which was issued on probable cause and which particularly described certain items was invalidated in toto merely because the affiant and magistrate erred in seeking and permitting a search for other items as well." 2 W. LaFave, SEARCH AND SEIZURE: A TREATISE ON THE FOURTH AMENDMENT, § 4.6(f), at 581 (3rd ed.1996).

## CONCLUSION

¶ 13 Here, the warrant authorized search for six different categories of evidence. The state concedes that the category listed in section six was impermissibly broad. The trial court did not consider severing the broad portions of the warrant apparently because, in the absence of controlling case law, it assumed that its only options were suppressing or admitting the warrant's evidence in totality. We remand to the trial court to determine if there are sections of the warrant sufficiently specific and supported by probable cause to allow admission of any evidence seized pursuant to the warrant or to the plain view doctrine.

CONCURRING: WILLIAM F. GARBARINO, Presiding Judge, and SUSAN A. EHRLICH, Judge.

1. *See In Re Search Warrant Dated July 4, 1977,* 667 F.2d 117, 130–31 (D.C.Cir.1981); *United States v. Riggs,* 690 F.2d 298, 300 (1st Cir.1982); *United States v. George,* 975 F.2d 72, 79 (2nd Cir.1992); *United States v. Christine,* 687 F.2d 749, 759 (3rd Cir.1982); *United States v. Jacob,* 657 F.2d 49, 52 (4th Cir.1981); *United States v. Cook,* 657 F.2d 730, 735 (5th Cir.1981); *United States v. Blakeney,* 942 F.2d 1001, 1027 (6th Cir.1991); *United States v. Holmes,* 452 F.2d 249, 259 (7th Cir.1971); *United States v. Cox,* 462 F.2d 1293, 1300 (8th Cir.1972); *United States v. Cardwell,* 680 F.2d 75, 78 (9th Cir.1982); *United States v. Naugle,* 997 F.2d 819, 822 (10th Cir. 1993); *United States v. Wuagneux,* 683 F.2d 1343, 1354 (11th Cir.1982). *See also United States v. Giresi,* 488 F.Supp. 445, 459 n. 17 (D.N.J.1980) (listing state cases that support severability); 2 W. LaFave, SEARCH AND SEIZURE: A TREATISE ON THE FOURTH AMENDMENT, § 4.6(f), at 581 (3rd ed.1996) (supporting principle of severance).