IN THE COURT OF APPEALS
STATE OF ARIZONA

FILED BY CLERK

MAY 28 2010

COURT OF APPEALS
DIVISION TWO

|  |  |  |
|---|---|---|
|  | ) | 2 CA-CV 2009-0171 |
|  | ) | DEPARTMENT B |
|  | ) |  |
| IN RE SEARCH WARRANT | ) | O P I N I O N |
| NO. 08 SW 1417 | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C-20091800

Honorable Ted B. Borek, Judge

REVERSED AND REMANDED

Terry Goddard, Arizona Attorney General
  By Albert B. Lassen                                                                    Tucson
                                                            Attorneys for Plaintiff/Appellee


J. David Franklin, Sr.                                                   San Diego, California
                                                                      In Propria Persona

B R A M M E R, Judge.

¶1           After obtaining and executing a search warrant for appellant J. David Franklin, Sr. and his sole proprietorship, Hurricane Motors, the State of Arizona brought an action for forfeiture of certain property seized as a result of the search. Franklin then subsequently moved pursuant to A.R.S. § 13-3922 to controvert the grounds upon which the search warrant had been issued and to recover property he alleged had been seized

illegally. The state successfully moved to dismiss the motion to controvert, arguing the trial court lacked jurisdiction to entertain it.

¶2 Franklin now appeals from the trial court's order dismissing his motion. He asserts (1) the court's conclusion it lacked jurisdiction to consider Franklin's motion was predicated on its erroneous interpretation of § 13-3922; (2) the court improperly based its decision on a ground the state did not present; (3) the court erred in denying his motion with respect to seized business records, because they were not sought as a part of the state's forfeiture action; and (4) § 13-3922 is unconstitutional to the extent it precludes the owner of seized property from controverting the grounds of the search warrant while a simultaneous forfeiture action proceeds against the same property interests. We reverse and remand the case to the trial court.

**Factual and Procedural Background**

¶3 On December 17, 2008, Judge Deborah Bernini signed a search warrant, supported by the affidavit of Special Agent Rick Valencia of the Arizona Attorney General's Office, authorizing the state to search Franklin and Hurricane Motors[1] for "business records." The state executed the search warrant the next day and seized, in addition to business records, numerous items of personal property not listed in the search warrant. These items included motor vehicles, motorcycles, bicycles, and parts. The state then filed a return of search warrant, providing an inventory of the property and records seized. It also filed an addendum to the search warrant, seeking approval to

---

[1]We refer to Hurricane Motors and Franklin collectively as "Franklin."

expand the warrant to include two additional pieces of property—a motor vehicle and engine—that also had been seized during the search. Judge Christopher Browning granted the addendum.

¶4 The day after the state had executed the search warrant, Judge Browning signed a seizure warrant, supported by a second affidavit signed by Valencia, authorizing the state's seizure for forfeiture of the property already seized during execution of the search warrant. The seizure warrant did not, however, authorize the state to seize business records for forfeiture. On February 17, 2009, the state initiated a forfeiture action against the items of seized property listed in the seizure warrant.

¶5 While the forfeiture action was pending before Judge Miller, Franklin filed with a different judge a motion pursuant to § 13-3922 to controvert the grounds on which the search warrant had been issued. The state in turn moved to dismiss Franklin's motion to controvert. Judge Ted Borek granted the state's motion and dismissed the motion to controvert, concluding § 13-3922(A) deprived him of jurisdiction to consider it because of the state's pending forfeiture action. This appeal followed.[2]

**Discussion**

Standard of Review

¶6 Franklin asserts the trial court erred in granting the state's motion to dismiss. Although styled a "motion to dismiss," the state's motion referred to facts not contained in Franklin's motion to controvert the grounds for the search warrant,

---

[2]Two other individuals, John Jay Franklin and Ladonna Lomeli, joined in J. David Franklin's motion to controvert the search warrant, but they are not parties to this appeal.

3

specifically the procedural history of the forfeiture action. Thus, the motion more properly is characterized as a motion for summary judgment. *See Parks v. Macro-Dynamics, Inc.*, 121 Ariz. 517, 519-20, 591 P.2d 1005, 1007-08 (App. 1979) (motion to dismiss referring to facts not in complaint viewed as motion for summary judgment); *see also* Ariz. R. Civ. P. 12(b).

¶7        In reviewing a trial court's ruling on a motion for summary judgment, we determine de novo whether there existed any genuine issues of material fact, viewing the facts in the light most favorable to the nonmoving party. *Prince v. City of Apache Junction*, 185 Ariz. 43, 45, 912 P.2d 47, 49 (App. 1996); *see also* Ariz. R. Civ. P. 56(c). Because the relevant facts here are undisputed, however, we need only determine whether the court properly applied the law. *See Town of Miami v. City of Globe*, 195 Ariz. 176, ¶ 3, 985 P.2d 1035, 1037 (App. 1998) ("'When reviewing a grant of summary judgment on undisputed facts, our role is to determine whether the trial court correctly applied the substantive law to [the] facts.'"), *quoting St. Luke's Health Sys. v. State*, 180 Ariz. 373, 376, 884 P.2d 259, 262 (App. 1994) (alteration in *Town of Miami*).

Application of § 13-3922

¶8        Franklin first asserts the trial court's conclusion that it lacked jurisdiction to consider the motion was predicated on its erroneous interpretation of § 13-3922. He argues the statute only precludes taking testimony on a motion to controvert the grounds of a search warrant if a forfeiture action is pending. A motion to controvert is civil in nature, and an order denying a motion for the return of property, such as the order here appealed, is a final judgment subject to judicial review. *Greehling v. State*, 135 Ariz.

4

498, 500, 662 P.2d 1005, 1007 (1982); *see also* A.R.S. § 12-2101(A)-(B) ("An appeal may be taken to the court of appeals . . . [f]rom a final judgment entered in an action . . . commenced in a superior court."); *Mehrens v. State*, 138 Ariz. 458, 460, 675 P.2d 718, 720 (App. 1983).

¶9        Our primary goal in interpreting § 13-3922 is to give effect to legislative intent. *State v. Ross*, 214 Ariz. 280, ¶ 22, 151 P.3d 1261, 1264 (App. 2007). To determine that intent, unless a statute is unclear or ambiguous, we look only to its plain language. *Fragoso v. Fell*, 210 Ariz. 427, ¶ 7, 111 P.3d 1027, 1030 (App. 2005). If, however, a statute is ambiguous or its meaning is unclear, "'we attempt to determine legislative intent by interpreting the statutory scheme as a whole and consider the statute's context, subject matter, historical background, effects and consequences, and spirit and purpose.'" *Ross*, 214 Ariz. 280, ¶ 22, 252 P.3d at 1264, *quoting Hughes v. Jorgenson*, 203 Ariz. 71, ¶ 11, 50 P.3d 821, 823 (2002). An issue of statutory interpretation is a question of law that we review de novo. *City of Tucson* v. *Clear Channel Outdoor, Inc.*, 218 Ariz. 172, ¶ 5, 181 P.3d 219, 225 (App. 2008).

¶10        Section 13-3922 provides:

> **A.** If an owner of seized property controverts the grounds on which the warrant was issued, the magistrate shall proceed to take testimony relative thereto unless a [forfeiture] proceeding pursuant to chapter 39 of this title is or has been initiated relating to the same property interest. The testimony given by each witness shall be reduced to writing and certified by the magistrate. If it appears that the property taken is not the same as that described in the warrant and is not within § 13-3916, subsection C, D or E or § 13-3925, subsection C, or that probable cause does not exist for believing the items are subject to seizure, the magistrate shall

5

cause the property to be restored to the person from whom it was taken if the property is not such that any interest in it is subject to forfeiture or its possession would constitute a criminal offense.

. . . .

**C.** No stay may issue on the forfeiture of seized property or its use in an action pursuant to this title while contravention of the warrant is being litigated.

¶11 Franklin argues that, because subsection A refers only to the taking of testimony, a pending proceeding for forfeiture of the same property interest merely precludes the taking of testimony, but otherwise does not preclude the magistrate from ruling on the motion to controvert. In support of this proposition, he refers us to subsection C of the statute, alleging it contemplates parties' litigating a motion to controvert simultaneously with a pending forfeiture action.

¶12 We agree with the essence of Franklin's interpretation. Section 13-3922 clearly and unambiguously provides that a magistrate "shall proceed to take testimony" unless a forfeiture action relating to the same property interest "is or has been" filed. Thus, if such a forfeiture action is pending, the magistrate is precluded only from taking testimony. Nothing in the statute's plain language suggests the magistrate also is precluded from deciding the motion on the papers. Despite neither citing supporting authority nor providing any analysis, the state argues this interpretation of the statute is "absurdly tortured." We disagree. Because the language of § 13-3922 is clear, we need not examine either the statutory scheme as a whole or the statute's context, subject

6

matter, historical background, effects, consequences, spirit, or purpose. *See Ross*, 214 Ariz. 280, ¶ 22, 252 P.3d at 1264.

¶**13** Accordingly, the trial court erred in dismissing Franklin's motion to controvert. Moreover, we observe that the court may take testimony, if offered, relevant to Franklin's motion as it relates to the seizure of his business records. Because the state has not sought forfeiture of those records, no "proceeding pursuant to chapter 39 of this title is or has been initiated" with respect to Franklin's property interest in those records. § 13-3922(A). In light of our ruling, we need not address Franklin's remaining arguments.

**Disposition**

¶**14** For the reasons stated, we reverse the trial court's order dismissing Franklin's motion filed pursuant to § 13-3922.

/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Judge

CONCURRING:


/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Presiding Judge


/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Judge