NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PETRO PAULO RUBEN LONGORIA, *Appellant.*

No. 1 CA-CR 22-0546
FILED 9-19-2023

Appeal from the Superior Court in Maricopa County
No. CR2021-132993-001
The Honorable Michael S. Mandell, Judge
The Honorable Geoffrey Fish, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Celeste Kinney
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Robert W. Doyle
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge D. Steven Williams and Judge Samuel A. Thumma joined.

---

**M c M U R D I E**, Judge:

¶1 Defendant Petro Paulo Ruben Longoria appeals from his convictions and probation grants for luring a minor for sexual exploitation and attempting to involve or use a minor in drug offenses. We find no error and affirm.

## FACTS[1] AND PROCEDURAL BACKGROUND

¶2 While conducting an undercover investigation into online criminal offenses committed against children, a Chandler Police Detective created a digital profile of a fictional teenage girl, "Jazzy-T" (Jazzy). The detective posted Jazzy's profile on a "meet-up" website requiring its users to specify they were at least 18. Juveniles posted on the site despite the age restriction because it lacked "true vetting mechanisms."

¶3 "Star V" responded to Jazzy's post and exchanged text messages with the detective, who continued posing as Jazzy using an "undercover" cell phone. In one of the first messages, Jazzy asked, "Are u okay if I'm not 18[?]" Star V responded, "Hell no[,]" before continuing:

> STAR V: Let's chat[.] I'm just older compared to you[.]
>
> JAZZY-T (UC): I don't care [a]bout age[.]
>
> STAR V: [B]ut are you close[?] What are you looking for[?]
>
> JAZZY-T (UC): I'm almost 16[.]
>
> STAR V: I'm still interested but let's proceed ca[r]efully[.]

---

[1] We view the facts in the light most favorable to sustaining the judgment. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

¶4        Jazzy and Star V also exchanged digital photographs of each other,[2] and their text conversation eventually turned sexual. Star V specifically asked whether Jazzy would be interested in having anal sex with him and whether Jazzy knew how to perform oral sex on a man. Star V texted he was attracted to Jazzy "even though [he] . . . shouldn't be[,]" and he asked her, "If I asked you to touch yourself . . . would I be in trouble?"

¶5        Jazzy and Star V then made plans to meet at Jazzy's home when her mother would not be there. Star V asked Jazzy whether he should "bring anything, like, party stuff, 420, whatever[,]" and Jazzy responded, "Yeah, I love getting faded."

¶6        As Star V proceeded on a city bus to meet Jazzy, he periodically texted his GPS location to Jazzy. The detectives followed Star V's progress and waited near a bus stop where Star V's text messages showed he would stop. After the detectives watched a person matching Star V's appearance exit the bus and walk toward the location where he and Jazzy planned to meet, an officer, posing as Jazzy, called Star V's phone number. The officers saw the suspect immediately answer a cell phone and arrested him. The suspect was identified as 48-year-old Longoria.

¶7        The officers searched Longoria's bag and found a cell phone, a glass pipe containing methamphetamine, and marijuana wrapped in a paper towel. The detective then used the undercover cell phone associated with Jazzy to call Star V. The phone in Longoria's bag rang. The officers seized Longoria's phone and obtained a warrant to search the phone's contents. The search revealed the text messages and digital images Longoria and Jazzy had exchanged. The messages and images were extracted and preserved.

¶8        The State charged Longoria with luring a minor for sexual exploitation and attempting to involve or use a minor in drug offenses, both class three felonies. Longoria moved to suppress the evidence found on his cell phone. He argued the search warrant failed to satisfy the Fourth Amendment's particularity requirement because the warrant incorrectly identified the phone's color and manufacturer as a black Samsung.

¶9        When opposing the motion, the State conceded that Longoria's seized cell phone was a "grey/black Motorola." The State

---

[2]       To depict Jazzy, the detective used images of an adult female who appeared underage.

argued that the warrant satisfied the particularity requirement because it correctly referred to the phone's unique evidence identification number, which was assigned when the detectives impounded it. The State also provided an affidavit from a Chandler Police Department representative describing how every piece of evidence impounded in the police department has a unique evidence number referenced in the warrant. At the evidentiary hearing, the State emphasized that the phone was the only phone seized in this investigation, and its unique evidence number was referenced in the warrant. The superior court denied the motion to suppress. The trial proceeded, and the State offered into evidence the text messages and images extracted from Longoria's phone.

¶10        The jury found Longoria guilty as charged. The superior court suspended the sentence and imposed two concurrent terms of probation, the longest being 20 years. Longoria appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶11        As the sole issue on appeal, Longoria challenges the denial of his motion to suppress. He repeats his argument that the search warrant's incorrect description of the phone's color and manufacturer violated the Fourth Amendment because there are "likely dozens of cell phones in police property rooms" and "[s]lapping the wrong paper tag [depicting the evidence number] on the wrong phone is always a possibility." He asserts "the possibility of confusing cell phones from various sources in a police property room cannot simply be overlooked."

¶12        We review the superior court's ruling on a motion to suppress for an abuse of discretion. *State v. Crowley*, 202 Ariz. 80, 83, ¶ 7 (App. 2002). We review *de novo* whether a warrant is sufficiently particular to comply with the Fourth Amendment. *State v. Roark*, 198 Ariz. 550, 552, ¶ 6 (App. 2000).

¶13        The Fourth Amendment requires search warrants to "particularly describe the things to be seized." *Roark*, 198 Ariz. at 552, ¶ 8 (citing *Andresen v. Maryland*, 427 U.S. 463, 480 (1976)); *see* A.R.S. § 13-3915(C) (requiring a warrant to describe items "with reasonable particularity"). "'If the property [to be seized] is sufficiently recognizable from the description [in the warrant] to enable the officer to locate the premises with definiteness and certainty, it is adequate.'" *State v. Morgan*, 120 Ariz. 2, 3 (1978) (quoting *People v. Watson*, 186 N.E.2d 326, 327 (Ill. 1962)).

4

**¶14** Applying this test, *Morgan* concluded that a search warrant's incorrect address and color description for an apartment did not render the warrant insufficiently particular because the warrant otherwise correctly described the apartment's geographic location, and no other apartment complexes were located there. *Id.* at 3-4.

**¶15** In this case, although the search warrant incorrectly noted the cell phone's color and manufacturer, it still accurately described Longoria's phone by referring to the unique evidence number assigned to it upon being impounded. Given the evidence number and that Longoria's cell phone was the only phone seized in this case, the officer who executed the warrant would know that he or she was searching Longoria's cell phone for evidence of the charged offenses. Longoria's speculative concern about the possibility that his phone was not the one searched according to the search warrant is not supported by the record. It fails to overcome the warrant's presumed validity. *See Crowley*, 202 Ariz. at 83, ¶ 7 (Search warrants are presumed valid, and the defendant is burdened to prove otherwise.).

**¶16** The search warrant described Longoria's cell phone with the particularity required under the Fourth Amendment. Thus, the superior court did not abuse its discretion by denying the motion to suppress.

## CONCLUSION

**¶17** We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA

5